# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

LANCE S. WILSON                                          CYNTHIA JENSEN
DISTRICT COURT EXECUTIVE/CLERK          CHIEF DEPUTY CLERK, LAS VEGAS

                                                              JAKE HERB
                                          CHIEF DEPUTY CLERK, RENO

August 5, 2014

Clerk, U.S. District Court
Eastern District of New York
225 Cadman Plaza East, Room 118S
Brooklyn, NY 11201-1818
InterdistrictTransfer_NYED@nyed.uscourts.gov

RE:    USA v. Abraxas J. Discala, et al.,
       Your Case No.1:14-cr-00399-ENV
       Our NVD Case No.2:14-mj-00469-CWH

Dear Clerk:

       Please be advised that Defendants Abraxas J. Discala, Marc Wexler, and Kyleen Cane
were arrested in the District of Nevada (Las Vegas) on a warrant issued by the Eastern District
of New York and appeared before The Honorable Carl W. Hoffman, United States Magistrate
Judge, on July 17, 2014. The Defendants were released on a personal recognizance bond and
ordered to appear in your court on August 15, 2014 at 10:00 am. Enclosed are all documents
completed in this district.

Thank you.

LANCE S. WILSON, Clerk
United States District Court


/s/ Shelly Denson
Deputy Clerk


Enclosures

CLOSED

# United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:14−mj−00469−CWH All Defendants

Case title: USA v. Discala et al

Other court case number:  1:14−cr−00399−ARR NYED

Date Filed: 07/17/2014

Date Terminated: 08/05/2014

Assigned to: Magistrate Judge Carl W. Hoffman

### Defendant (1)

**Abraxas J. Discala**
*TERMINATED: 08/05/2014*

represented by **William C. Carrico**
Federal Public Defender
411 E Bonneville
Suite 250
Las Vegas, NV 89101−
(702) 388−6577
Fax: (702) 388−6261
Email: William_Carrico@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: FPD*

**Elisa Vasquez**
Federal Public Defender
411 E. Bonneville Ave.
Las Vegas, NV 89101
702−388−6577
Fax: 702−388−5819
Email: ecf_vegas@fd.org
*TERMINATED: 07/18/2014*
*Designation: FPD*

### Pending Counts

None

### Highest Offense Level (Opening)

None

### Terminated Counts

None

### Highest Offense Level (Terminated)

None

### Disposition

### Disposition

1

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Magistrate Judge Carl W. Hoffman

**Defendant (2)**

| | | |
| --- | --- | --- |
| **Marc Wexler** | represented by | **C. Stanley Hunterton** |
| *TERMINATED: 08/05/2014* | | Hunterton &Associates |
| | | 627 So. 7th St. |
| | | Las Vegas, NV 89101 |
| | | (702) 388–0098 |
| | | Fax: (702) 388–0361 |
| | | Email: shunterton@huntertonlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Magistrate Judge
Carl W. Hoffman

**Defendant (3)**

| | | |
| --- | --- | --- |
| **Kyleen Cane** | represented by | **William B Terry** |
| *TERMINATED: 08/05/2014* | | William B. Terry, Chartered |
| | | 530 South Seventh Street |
| | | Las Vegas, NV 89101 |
| | | (702) 385–0799 |
| | | Fax: (702) 385–9788 |

Email: Info@WilliamTerryLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| Rule 5 | |

**Plaintiff**

| **USA** | represented by | **Kimberly M Frayn** |
| --- | --- | --- |
| | | U.S. Attorney's Office |
| | | 333 Las Vegas Blvd So |
| | | Suite 5000 |
| | | Las Vegas, NV 89101– |
| | | Email: kimberly.frayn@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |
| 07/17/2014 | | | Case assigned to Magistrate Judge Carl W. Hoffman. (MW) (Entered: 07/17/2014) |
| 07/17/2014 | 1 | 6 | NOTICE *of Government's Intention to Seek Detention* by USA as to Abraxas J. Discala. (Frayn, Kimberly) (Entered: 07/17/2014) |
| 07/17/2014 | 2 | | **SEALED** EXHIBIT(s) to 1 Notice (Other), filed by USA as to Abraxas J. Discala. (Frayn, Kimberly) (Entered: 07/17/2014) |
| 07/17/2014 | 3 | 7 | MINUTES OF PROCEEDINGS – Initial Appearance in Rule 5(c)(3) Proceeding as to Abraxas J. Discala, Marc Wexler, Kyleen Cane held on 7/17/2014 before Magistrate Judge Carl W. Hoffman. Crtrm Administrator: *Donna Smith*; AUSA: *Kimberly Frayn*; Def Counsel: *William Terry, C. Stanley Hunterton, Elisa Vasquez*; PTS: *Kamu Kapanui*; Court Reporter/FTR |

3

|  |  |  | #: *3:36−4:00*; Time of Hearing: *3:36−4:00 PM*; Courtroom: *3C*; Defendants are present. Financial Affidavits filed by Defendants Wexler and Discala. Attorney Elisa Vasquez for Abraxas J. Discala and C. Stanley Hunterton for Marc Wexler are appointed for this hearing only. Attorney William B Terry is retained by Kyleen Cane. Defendants advised of rights/charges. Waivers of Identity Hearing filed. ORDERED defendants identified as named defendants in indictment and are held to answer in the Eastern District of New York. Next appearance date in originating district is on August 15, 2014, at 10:00 AM. Defendants are released on PR bonds with supervision and conditions. Bond forms executed. Government moves to unseal Exhibit 2 , **so ordered.** Rule 5 deadline set for 7/30/2014. **(no image attached)** (Copies have been distributed pursuant to the NEF – DES) (Entered: 07/17/2014) |
| 07/17/2014 | 5 | 9 | ORDER APPOINTING COUNSEL as to Marc Wexler. CJA attorney C. Stanley Hunterton appointed as counsel for Defendant, subpoenas issued upon request with exception to out of state subpoenas which will require court approval. Signed by Magistrate Judge Carl W. Hoffman on 7/17/2014. (Copies have been distributed pursuant to the NEF – SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 6 | 11 | WAIVER of Rule 5(c)(3) Hearings by Marc Wexler. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 7 | 12 | PR BOND Entered as to Marc Wexler. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 9 | 19 | ORDER APPOINTING COUNSEL as to Abraxas J. Discala. FPD appointed as counsel for Defendant, subpoenas issued upon request with exception to out of state subpoenas which will require court approval. Signed by Magistrate Judge Carl W. Hoffman on 7/17/2014. (Copies have been distributed pursuant to the NEF – SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 10 | 21 | WAIVER of Rule 5(c)(3) Hearings by Abraxas J. Discala. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 11 | 22 | PR BOND Entered as to Abraxas J. Discala. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 12 | 29 | DESIGNATION of Retained Counsel by William B Terry on behalf of Kyleen Cane. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 13 | 30 | WAIVER of Rule 5(c)(3) Hearings by Kyleen Cane. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 14 | 31 | PR BOND Entered as to Kyleen Cane. (SLR) (Entered: 07/18/2014) |
| 07/17/2014 | 16 | 40 | ORDER TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Abraxas J. Discala. Defendant must appear at the U.S. District Court–Eastern District of New York on 8/15/2014 at 10:00 AM as directed. Signed by Magistrate Judge Carl W. Hoffman on 7/17/2014. (Copies have been distributed pursuant to the NEF – SLD) (Entered: 07/18/2014) |
| 07/17/2014 | 17 | 41 | ORDER TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Marc Wexler. Defendant must appear at the U.S. District Court–Eastern District of New York on 8/15/2014 at 10:00 AM as directed. Signed by Magistrate Judge Carl W. |

4

| | | | |
|---|---|---|---|
| | | | Hoffman on 7/17/2014. (Copies have been distributed pursuant to the NEF – SLD) (Entered: 07/18/2014) |
| 07/17/2014 | 18 | 42 | ORDER TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Kyleen Cane. Defendant must appear at the U.S. District Court– Eastern District of New York on 8/15/2014 at 10:00 AM as directed. Signed by Magistrate Judge Carl W. Hoffman on 7/17/2014. (Copies have been distributed pursuant to the NEF – SLD) (Entered: 07/18/2014) |
| 07/17/2014 | 19 | 43 | Rule 5(c)(3) Documents Received as to Kyleen Cane. Documents received from Eastern District of New York include Indictment. (MMM) (Entered: 07/23/2014) |
| 07/18/2014 | 15 | 38 | NOTICE OF ATTORNEY APPEARANCE: William C. Carrico appearing for Abraxas J. Discala (Carrico, William) (Entered: 07/18/2014) |
| 07/18/2014 | | | Attorney update in case as to Abraxas J. Discala: Attorney Elisa Vasquez is no longer associated. (Carrico, William) (Entered: 07/18/2014) |
| 08/05/2014 | 21 | 72 | TRANSMITTAL to the Eastern District of New York regarding Rule 5 documents as to Defendants Abraxas J. Discala, Marc Wexler, and Kyleen Cane. Docket sheet and documents transmitted electronically via email on 8/5/2014. (SLD) (Entered: 08/05/2014) |

1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   KIMBERLY M. FRAYN
3  Assistant United States Attorney
   333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada  89101
   702-388-6336
5

6              UNITED STATES DISTRICT COURT
7                 DISTRICT OF NEVADA
                        -oOo-
8
   UNITED STATES OF AMERICA,          )
9                                     )     Case No.: 2:14-mj-0469-CWH
                    Plaintiff,        )
10                                    )     NOTICE OF GOVERNMENT'S
              vs.                     )     INTENTION TO SEEK DETENTION
11                                    )
   ABRAXAS J DISCALA,                 )
12                                    )
                    Defendant.        )
13  _____ )

14

15        Comes now, United States of America, by and through counsel, Daniel G. Bogden,

16  United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, and hereby

17  provides notice from the U.S. Attorney, Eastern District of New York, of the government's

18  intent to seek detention at this defendant's initial appearance for the reasons set forth in the

19  sealed exhibit.

20        Dated this the 17th day of July, 2014.

21

22                                 Respectfully Submitted,

23                                 DANIEL G. BOGDEN
                                   United States Attorney

24                                 /s/ Kimberly M. Frayn
                                   KIMBERLY M. FRAYN
                                   Assistant United States Attorney

6

```
MIME-Version:1.0
From:cmecf@nvd.uscourts.gov
To:cmecfhelpdesk@nvd.uscourts.gov
Bcc:
--Case Participants: C. Stanley Hunterton (shunterton@huntertonlaw.com), Elisa Vasquez
(ecf_veags@fd.org, ecf_vegas@fd.org, elisa_vasquez@fd.org), Kimberly M Frayn
(kelly.muranaka@usdoj.gov, kimberly.frayn@usdoj.gov), William B Terry
(info@williamterrylaw.com)
--Non Case Participants: CJA Administrators (nvd_cja@nvd.uscourts.gov), Pretrial Services
- NV (nvptml_cmecf_notice@nvpt.uscourts.gov), US Attorney - Criminal Division, General
mailbox (usanv.ecfcrim@usdoj.gov), US Attorney - petty offense matters
(eileen.alexander@usdoj.gov, nadia.ahmed@usdoj.gov), US Marshal
(nevada.vcalendar@usdoj.gov)
--No Notice Sent:

Message-Id:6735477@nvd.uscourts.gov
Subject:Activity in Case 2:14-mj-00469-CWH USA v. Discala et al Initial Appearance - Rule
5(c)(3) (fka Rule 40)
Content-Type: text/html
```

## United States District Court

### District of Nevada

**Notice of Electronic Filing**


The following transaction was entered on 7/17/2014 at 5:43 PM PDT and filed on 7/17/2014

| | |
|---|---|
| **Case Name:** | USA v. Discala et al |
| **Case Number:** | 2:14-mj-00469-CWH |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
 MINUTES OF PROCEEDINGS – Initial Appearance in Rule 5(c)(3) Proceeding as to Abraxas
J. Discala, Marc Wexler, Kyleen Cane held on 7/17/2014 before Magistrate Judge Carl W.
Hoffman. Crtrm Administrator: *Donna Smith*; AUSA: *Kimberly Frayn*; Def Counsel: *William
Terry, C. Stanley Hunterton, Elisa Vasquez*; PTS: *Kamu Kapanui*; Court Reporter/FTR #:
*3:36–4:00*; Time of Hearing: *3:36–4:00 PM*; Courtroom: *3C*;
Defendants are present. Financial Affidavits filed by Defendants Wexler and Discala.
Attorney Elisa Vasquez for Abraxas J. Discala and C. Stanley Hunterton for Marc Wexler are
appointed for this hearing only. William B Terry is retained by Kyleen Cane. Defendants
advised of rights/charges. Waivers of Identity Hearing filed. ORDERED defendants identified
as named defendants in indictment and are held to answer in the Eastern District of New
York. Next appearance date in originating district is on August 15, 2014, at 10:00 AM.
Defendants are released on PR bonds with supervision and conditions. Bond forms
executed.
Government moves to unseal Exhibit [2], so ordered.
Rule 5 deadline set for 7/30/2014.
(no image attached) (Copies have been distributed pursuant to the NEF – DES)


**2:14–mj–00469–CWH–1 Notice has been electronically mailed to:**

C. Stanley Hunterton shunterton@huntertonlaw.com

Kimberly M Frayn kimberly.frayn@usdoj.gov, Kelly.Muranaka@usdoj.gov

William B Terry Info@WilliamTerryLaw.com

Elisa Vasquez ecf_vegas@fd.org, ecf_veags@fd.org, elisa_vasquez@fd.org

**2:14–mj–00469–CWH–1 Notice has been delivered by other means to:**

**2:14–mj–00469–CWH–2 Notice has been electronically mailed to:**

C. Stanley Hunterton shunterton@huntertonlaw.com

Kimberly M Frayn kimberly.frayn@usdoj.gov, Kelly.Muranaka@usdoj.gov

William B Terry Info@WilliamTerryLaw.com

Elisa Vasquez ecf_vegas@fd.org, ecf_veags@fd.org, elisa_vasquez@fd.org

**2:14–mj–00469–CWH–2 Notice has been delivered by other means to:**

**2:14–mj–00469–CWH–3 Notice has been electronically mailed to:**

C. Stanley Hunterton shunterton@huntertonlaw.com

Kimberly M Frayn kimberly.frayn@usdoj.gov, Kelly.Muranaka@usdoj.gov

William B Terry Info@WilliamTerryLaw.com

Elisa Vasquez ecf_vegas@fd.org, ecf_veags@fd.org, elisa_vasquez@fd.org

**2:14–mj–00469–CWH–3 Notice has been delivered by other means to:**



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )          2:14-mj-00469-CWH-2
                               )
        vs                     )
                               )          ORDER APPOINTING COUNSEL
MARC WEXLER,                   )          AND DIRECTING THE MARSHAL
                               )          TO SERVE SUBPOENAS AT
                Defendant,     )          GOVERNMENT EXPENSE
_____)

The individual named below, having testified under oath or having otherwise satisfied this Court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and, because the interests of justice so require, the Court finds that the Defendant is indigent, therefore;

IT IS ORDERED that **C. STANLEY HUNTERTON, ESQ.** is hereby appointed to represent Defendant, **MARC WEXLER** .

IT IS FURTHER ORDERED that the Clerk issue subpoenas upon oral request and submission of prepared subpoenas by Appointed Counsel, unless said subpoenas are to be served outside the State of Nevada. The cost of process, fees and expenses of witnesses so subpoenaed shall be paid as witness(es) subpoenaed on behalf of the Government. The Court is satisfied the individual is unable to pay fees and expenses of subpoenaed witness(es) and the United States Marshal shall provide such witness(es) subpoenaed advance funds for the purpose of travel within the District of Nevada and subsistence. Any subpoenas served on behalf of the individual, the return thereon to this Court shall be sealed, unless otherwise ordered.

1

9

IT IS FURTHER ORDERED that if counsel for the individual desires subpoenas to be served outside the State of Nevada, further application pursuant to Federal Rules of Criminal Procedure 17(b) shall be made to the Court, before the issuance of said subpoenas.

DATED this 17th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)



## UNITED STATES DISTRICT COURT

for the

United States of America

v.

Wexler

*Defendant*

Case No. 2:14-mj-469-CWH

Charging District's Case No. CR14-399

JUL 17 2014

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* ED NY

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☑     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/17/14

Marc Wexler
*Defendant's signature*

*Signature of defendant's attorney*

Hunterton
*Printed name of defendant's attorney*

11

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| United States of America | ) |
| :--- | :--- |
| v. | ) |
| *Marc Wexler* | ) |
| *Defendant* | ) |

Case No. 2:14-mj-469-CWH

**FILED** _____ **RECEIVED** _____
**ENTERED** _____ **SERVED ON** _____
**COUNSEL/PARTIES OF RECORD**

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## APPEARANCE BOND

### Defendant's Agreement

I, _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✗ )  to appear for court proceedings;
( ✗ )  if convicted, to surrender to serve a sentence that the court may impose; or
(   )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ✓ ) (1)  This is a personal recognizance bond.

(   ) (2)  This is an unsecured bond of $ _____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

    (   ) (a)  $ _____ , in cash deposited with the court.

    (   ) (b)  the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it − such as a lien, mortgage, or loan − and attach proof of ownership and value)*:

        If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Case 1:14-cr-00399-ENV   Document 71   Filed 08/05/14   Page 14 of 73 PageID #: 347
Case 2:14-mj-00469-GWF   Document 8   Filed 07/17/14   Page 2 of 2

Page 2

AO 98 (Rev. 12/11) Appearance Bond

---

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;

(2)     the property is not subject to claims, except as described above; and

(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.


I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 7/12/14

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*


*CLERK OF COURT*

Date: 7/14/14

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

_____
*Judge's signature*

AO 199A (Rev. 12/11)  Order Setting Conditions of Release

Page 3 of 7 Pages

# UNITED STATES DISTRICT COURT
for the

District of Nevada

United States of America )
v. )
)
Marc  Wexler )  Case No. 2:14-mj-469-CWH
_____ )
*Defendant* )

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making
any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that
the court may impose.

The defendant must appear at: US District Court Eastern District
of New York  as directed
*Place*

on  August 15, 2014,  10 AM
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

### SUPERVISION

(  )  (6)  The defendant is placed in the custody of:

Person or organization

Address *(only if above is an organization)*

City and state                                                                    Tel. No.

*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____

*Custodian or Proxy*                                 *Date*

( ✓ )  (7)  The defendant shall report to:  ( ✓ ) **U.S. Pretrial Services Office**  ( ✓ ) Las Vegas 702-464-5630  (  ) Reno 775-686-5964
no later than: _____  (  ) **U.S. Probation Office**  (  ) Las Vegas 702-527-7300  (  ) Reno 775-686-5980

(  )  (8)  The defendant is released on the conditions previously imposed.

### BOND

(  )  (9)  The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____

(  )  (10)  The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____

(  )  (11)  The defendant shall execute a bail bond with solvent sureties in the amount of $ _____

### PENDING MATTERS

(  )  (12)  The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.

(  )  (13)  The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.

(  )  (14)  The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

### IDENTIFICATION

(  )  (15)  The defendant shall use his/her true name only and shall not use any false identifiers.

(  )  (16)  The defendant shall not possess or use false or fraudulent access devices.

### TRAVEL

( ✓ )  (17)  The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

(  )  (18)  The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.

( ✓ )  (19)  The defendant shall not obtain a passport or passport card.

( ✓ )  (20)  The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to the following areas:
(  ) Clark County, NV   (  ) Washoe County, NV   (  ) State of NV   ( ✓ ) Continental U.S.A.   (  ) Other

(  )  (21)  The defendant may travel to _____ for the purpose of _____.

### RESIDENCE

(  )  (22)  The defendant shall maintain residence at (  ) current or (  ) at:

and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.

(  )  (23)  The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.

(  )  (24)  The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

(  )  (25)  The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

### EMPLOYMENT

(  )  (26)  The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.

(  )  (27)  The defendant shall not be employed in, or be present in, any setting directly involving minor children.

(  )  (28)  The defendant shall not secure employment in the following field(s): _____

(  )  (29)  The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

15

## EDUCATION/VOCATION

( )   (30)  The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

## CONTACT

( )   (31)  The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____.

(✓)   (32)  The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

( )   (33)  The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

( )   (34)  The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

## FIREARMS/WEAPONS

( )   (35)  The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

( )   (36)  Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

## SUBSTANCE ABUSE TESTING AND TREATMENT

( )   (37)  The defendant shall submit to an initial urinalysis.  If positive, then (38) applies.

( )   (38)  The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance.  Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing.  The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

( )   (39)  The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( )   (40)  The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( )   (41)  The defendant shall refrain from any use of alcohol.

( )   (42)  The defendant shall refrain from the excessive use of alcohol.

( )   (43)  The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

( )   (44)  The defendant shall not be in the presence of anyone using or possessing:

    ( )   (44A)  A narcotic drug or other controlled substances

    ( )   (44B)  Alcohol

    ( )   (44C)  Intoxicating substances or synthetics

( )   (45)  The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

( )   (46)  The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## MENTAL HEALTH TREATMENT

( )   (47)  The defendant shall undergo medical or psychiatric treatment.

( )   (48)  The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer..

( )   (49)  The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## LOCATION MONITORING

( )   (50)  The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

    ( )   (50A)  Curfew.
        The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.

    ( )   (50B)  Home Detention.
        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

    ( )   (50C)  Home Incarceration.
        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

16

AO 199B (Rev. 04/14) Additional Conditions of Release, continued
Pages 2 of 7 Pages
Case 1:14-cr-00269-ENV Document 71 Filed 08/05/14 07/17/14 Page 6 of 73 PageID #: 353

( ) (51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.

    ( ) (51A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
    ( ) (51B) Voice Recognition monitoring.
    ( ) (51C) Radio Frequency (RF) monitoring.
    ( ) (51D) Global Positioning Satellite (GPS) monitoring.

( ) (52) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.

( ) (53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## INTERNET ACCESS AND COMPUTERS

( ) (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.

( ) (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.

( ) (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

## FINANCIAL

( ) (57) The defendant shall not obtain new bank accounts or lines of credit.

( ) (58) The defendant shall not act in a fiduciary manner on behalf of another person.

( ) (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.

(✓) (60) The defendant shall not solicit monies from investors.

( ) (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.

( ) (62) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

## SEARCH

( ) (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

## OTHER PROHIBITED ACTIVITIES

( ) (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.

( ) (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.

( ) (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.

( ) (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.

( ) (68) All aspects of the _____ dispensary shall be closed.

( ) (69) All promotion, web sites and advertising associated with the establishment should be discontinued.

( ) (70) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.

( ) (71) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.

( ) (72) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.

( ) (73) The defendant shall have no involvement in the referral of medical marijuana.

## OTHER CONDITIONS

( ) (74) The defendant shall abide by other conditions as noted below:

Revised 04/18/14 to include USDC/NV special conditions

AO 199C  (Rev. 09/08)  Advice of Penalties                                                    Page 7 of 7 Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.


_Marc Werfel_
                                                  Defendant's Signature

_Colts Neck NJ_
                                                  City and State


## Directions to the United States Marshal

( ✔ )  The defendant is ORDERED released after processing.
(   )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: July 17, 2014                              _____
                                                  Judicial Officer's Signature

                                                  C.W. HOFFMAN, JR.
                                                  U.S. MAGISTRATE JUDGE


DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

☐ FILED          ☐ RECEIVED
☐ ENTERED         ☐ SERVED ON
          COUNSEL/PARTIES OF RECORD

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs ) | **2:14-mj-00469-CWH-1** |
| ABRAXAS J. DISCALA, ) | **ORDER APPOINTING COUNSEL** |
| Defendant. ) | **AND DIRECTING THE MARSHAL TO SERVE SUBPOENAS AT GOVERNMENT EXPENSE** |

The individual named below, having testified under oath or having otherwise satisfied this Court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and, because the interests of justice so require, the Court finds that the Defendant is indigent, therefore;

IT IS ORDERED that the Federal Public Defender for the District of Nevada is hereby appointed to represent Defendant, **ABRAXAS J. DISCALA**.

IT IS FURTHER ORDERED that the Clerk issue subpoenas upon oral request and submission of prepared subpoenas by the attorneys of the office of the Federal Public Defendant, unless said subpoenas are to be served outside the State of Nevada. The cost of process, fees and expenses of witnesses so subpoenaed shall be paid as witness(es) subpoenaed on behalf of the Government. The Court is satisfied the individual is unable to pay fees and expenses of subpoenaed witness(es) and the United States Marshal shall provide such witness(es) subpoenaed advance funds for the purpose of travel within the District of

1

Nevada and subsistence. Any subpoenas served on behalf of the individual, the return thereon to this Court shall be sealed, unless otherwise ordered.

IT IS FURTHER ORDERED that if counsel for the individual desires subpoenas to be served outside the State of Nevada, further application pursuant to Federal Rules of Criminal Procedure 17(b) shall be made to the Court, before the issuance of said subpoenas.

DATED this 17th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE

Federal Public Defender's Office appearance by:  ELISA VASQUEZ

AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

FILED    RECEIVED
ENTERED    SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America

v.

ABRAXAS J. DISCALA
*Defendant*

)
)
)
)
)
)

Case No. 2:14-mj-469-

Charging District's Case No.  CR-14-00399

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* EASTERN DISTRICT OF NEW YORK

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☑     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: July 17, 2014

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

ELISA VASQUEZ
*Printed name of defendant's attorney*

21

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

FILED _____ RECEIVED
ENTERED _____ SERVED ON
_____ OF RECORD

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America
v.

## Abraxas Discala
*Defendant*

Case No. **2:14-mj-469**

## APPEARANCE BOND

### Defendant's Agreement

I, _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

  ( X )  to appear for court proceedings;
  ( X )  if convicted, to surrender to serve a sentence that the court may impose; or
  (   )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ✓ ) (1)  This is a personal recognizance bond.

(   ) (2)  This is an unsecured bond of $ _____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

  (   ) (a) $ _____ , in cash deposited with the court.

  (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

  If this bond is secured by real property, documents to protect the secured interest may be filed of record.

  (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

, AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;

(2)     the property is not subject to claims, except as described above; and

(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 7-17-14

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 7/17/14

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

_____
*Judge's signature*

Case 1:14-cr-00399-ENV Document 71 Filed 08/05/14 Page 25 of 73 PageID #: 358
Case 2:14-mj-00469-CWH Document 13 Filed 07/17/14 Page 3 of 7

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                          Page 3 of 7 Pages

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| United States of America<br>v.<br>**Abraxas Discala**<br>*Defendant* | )<br>)<br>)<br>)<br>)    Case No. 2:14-mj-469 |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: United States District Court ED of NY as directed
*Place*

on August 15, 2014   10 AM
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

### SUPERVISION

( )  (6)  The defendant is placed in the custody of:

Person or organization

Address *(only if above is an organization)*

City and state

Tel. No.

*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed:

*Custodian or Proxy*                                *Date*

( ✓ )  (7)  The defendant shall report to:  ( ✓ ) U.S. Pretrial Services Office  ( ✓ ) Las Vegas 702-464-5630  ( ) Reno 775-686-5964

no later than: _____  ( ) U.S. Probation Office  ( ) Las Vegas 702-527-7300  ( ) Reno 775-686-5980

( )  (8)  The defendant is released on the conditions previously imposed.

### BOND

( )  (9)  The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____

( )  (10)  The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____

( )  (11)  The defendant shall execute a bail bond with solvent sureties in the amount of $ _____

### PENDING MATTERS

( )  (12)  The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.

( )  (13)  The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.

( )  (14)  The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

### IDENTIFICATION

( )  (15)  The defendant shall use his/her true name only and shall not use any false identifiers.

( )  (16)  The defendant shall not possess or use false or fraudulent access devices.

### TRAVEL

( ✓ )  (17)  The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

( )  (18)  The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.

( ✓ )  (19)  The defendant shall not obtain a passport or passport card.

( ✓ )  (20)  The defendant shall abide by the following restrictions on personal association, place of abode, or travel:

Travel is restricted to the following areas:

( ) Clark County, NV   ( ) Washoe County, NV   ( ) State of NV   ( ✓ ) Continental U.S.A.   ( ) Other

( )  (21)  The defendant may travel to _____ for the purpose of _____

### RESIDENCE

( )  (22)  The defendant shall maintain residence at ( ) current or ( ) at:

and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.

( )  (23)  The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.

( )  (24)  The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( )  (25)  The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

### EMPLOYMENT

( )  (26)  The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.

( )  (27)  The defendant shall not be employed in, or be present in, any setting directly involving minor children.

( )  (28)  The defendant shall not secure employment in the following field(s): _____

( )  (29)  The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

## EDUCATION/VOCATION
(   )• (30)  The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

## CONTACT
(   )  (31)  The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____ .

(✓)  (32)  The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

(   )  (33)  The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

(   )  (34)  The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

## FIREARMS/WEAPONS
(   )  (35)  The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

(   )  (36)  Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

## SUBSTANCE ABUSE TESTING AND TREATMENT
(   )  (37)  The defendant shall submit to an initial urinalysis.  If positive, then (38) applies.

(   )  (38)  The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance.  Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing.  The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

(   )  (39)  The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

(   )  (40)  The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(   )  (41)  The defendant shall refrain from any use of alcohol.

(   )  (42)  The defendant shall refrain from the excessive use of alcohol.

(   )  (43)  The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

(   )  (44)  The defendant shall not be in the presence of anyone using or possessing:
    (   )  (44A)  A narcotic drug or other controlled substances
    (   )  (44B)  Alcohol
    (   )  (44C)  Intoxicating substances or synthetics

(   )  (45)  The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

(   )  (46)  The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## MENTAL HEALTH TREATMENT
(   )  (47)  The defendant shall undergo medical or psychiatric treatment.

(   )  (48)  The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer..

(   )  (49)  The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## LOCATION MONITORING
(   )  (50)  The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.
    (   )  (50A)  Curfew.
        The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
    (   )  (50B)  Home Detention.
        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.
    (   )  (50C)  Home Incarceration.
        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
  ( ) (51A)  Location monitoring technology as directed by Pretrial Services or the supervising officer.
  ( ) (51B)  Voice Recognition monitoring.
  ( ) (51C)  Radio Frequency (RF) monitoring.
  ( ) (51D)  Global Positioning Satellite (GPS) monitoring.
( ) (52) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
( ) (53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## INTERNET ACCESS AND COMPUTERS

( ) (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
( ) (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.
( ) (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

## FINANCIAL

( ) (57) The defendant shall not obtain new bank accounts or lines of credit.
( ) (58) The defendant shall not act in a fiduciary manner on behalf of another person.
( ) (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
(✓) (60) The defendant shall not solicit monies from investors.
( ) (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
( ) (62) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

## SEARCH

( ) (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

## OTHER PROHIBITED ACTIVITIES

( ) (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
( ) (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
( ) (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
( ) (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
( ) (68) All aspects of the _____ dispensary shall be closed.
( ) (69) All promotion, web sites and advertising associated with the establishment should be discontinued.
( ) (70) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
( ) (71) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
( ) (72) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
( ) (73) The defendant shall have no involvement in the referral of medical marijuana.

## OTHER CONDITIONS

( ) (74) The defendant shall abide by other conditions as noted below:

Revised 04/18/14 to include USDC/NV special conditions

Case 1:14-cr-00299-ENV   Document 71   Filed 08/05/14   Page 29 of 73 PageID #: 362
Case 2:14-mj-00469-CWH   Document 19   Filed 07/17/14   Page 7 of 7 Pages

AO 199C  (Rev. 09/08)  Advice of Penalties                                          Page  7  of  7  Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: July 17, 2014

_____
*Judicial Officer's Signature*

C.W. HOFFMAN, JR.
U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

```
┌─────────────────────────────────┐
│ ___ FILED        ___ RECEIVED    │
│ ___ ENTERED      ___ SERVED ON   │
│         COUNSEL/PARTIES OF RECORD│
│   ┌──────────────────────┐       │
│   │    JUL 1 7 2014      │       │
│   │                      │       │
│   │ CLERK US DISTRICT COURT│      │
│   │  DISTRICT OF NEVADA  │       │
│   │ BY:            DEPUTY │       │
│   └──────────────────────┘       │
└─────────────────────────────────┘
```

UNITED STATES OF AMERICA,  )
　　　　　　　　　　　　　　　 )
　　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　 )
　　vs.　　　　　　　　　　　　)　Case # 2:14-mj-469
　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　 )　**DESIGNATION OF RETAINED COUNSEL**
　　　　　　　　　　　　　　　 )　**AND APPEARANCE PRAECIPE**
　　　　　　　　　　　　　　　 )
　　　Defendant. _ISYLEEN CANR_ )

The undersigned defendant hereby appoints _____

to appear generally for him/her as his/her attorney and counselor at law throughout all proceedings in

this case unless this appointment be sooner revoked.

DATED: _7-17-14_　　　　　　　_____
　　　　　　　　　　　　　　　　　Defendant's signature

### APPEARANCE PRAECIPE

　　I hereby accept the foregoing appointment and request the Clerk to enter my appearance as

attorney for the defendant, in response to the foregoing designation.

　　I personally will appear at all proceedings in this case. I understand that no other attorney

may appear in my place unless prior permission is granted by the Court, and then ONLY when

consent of the defendant has been obtained and filed with the Clerk.

　　I further state that I realize it is my responsibility to keep the defendant advised as to all

proceedings in this case and to inform him/her when to appear in Court, and also to notify the Clerk of

any change in my address or telephone number.

DATED: _7-17-14_　　　　　　　_____
　　　　　　　　　　　　　　　　　Attorney's signature

_530 S. 7TH   LV NV 89101_
Attorney's address

_____

_____

_____
Attorney's phone number

Revised 6/15/09

AO 466A (Rev. 01/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

United States of America

v.

_CANE, Kyleen_
_____
Defendant

Case No. _2:14-mj-469_

Charging District's Case No.

_CR 14-399_

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _E. Dist. NY_

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☒     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: _7-17-14_

_Kyleen Cane_
_____
*Defendant's signature*

_Wm B. Terry_
_____
*Signature of defendant's attorney*

_William B. Terry_
_____
*Printed name of defendant's attorney*

30

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

United States of America
v.

*Kyleen Cane*

*Defendant*

)
)
)
)
)

Case No. 2:14-mj-469

## APPEARANCE BOND

### Defendant's Agreement

I, _____ *(defendant)*, agree to follow every order of this court, or any
court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✗ )     to appear for court proceedings;
( ✗ )     if convicted, to surrender to serve a sentence that the court may impose; or
( )       to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ✓ ) (1)  This is a personal recognizance bond.

( )  (2)  This is an unsecured bond of $ _____ .

( )  (3)  This is a secured bond of $ _____ , secured by:

( )  (a)  $ _____ , in cash deposited with the court.

( )  (b)  the agreement of the defendant and each surety to forfeit the following cash or other property
*(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of
ownership and value)*:


If this bond is secured by real property, documents to protect the secured interest may be filed of record.

( )  (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:


### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above
agreement. The court may immediately order the amount of the bond surrendered to the United States, including the
security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court
may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including
interest and costs.

Case 1:14-cr-00399-ENV Document 71 Filed 08/05/14 Page 33 of 73 PageID #: 366
Case 2:14-mj-00469-CWH Document 18 Filed 07/17/14 Page 2 of 3

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)    all owners of the property securing this appearance bond are included on the bond;

(2)    the property is not subject to claims, except as described above; and

(3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 7-17-14

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

*CLERK OF COURT*

Date: 7/17/14

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date:

_____
*Judge's signature*

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Kyleen Cane | ) | Case No. 2:14-mj-469 |
| _Defendant_ | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _ED of New York U.S. District Court_
_____
_Place_

_as directed_

on _August 15, 2014 , 10 AM_
_____
_Date and Time_

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, **IT IS FURTHER ORDERED** that the defendant's release is subject to the conditions marked below:

### SUPERVISION

( )  (6)  The defendant is placed in the custody of:

Person or organization

Address *(only if above is an organization)*

City and state                                                                         Tel. No.

*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed:
_____
*Custodian or Proxy*                                        *Date*

(✓)  (7)  The defendant shall report to:          (✓) **U.S. Pretrial Services Office**   (✓) Las Vegas 702-464-5630  ( ) Reno 775-686-5964
          no later than: _____          ( ) **U.S. Probation Office**          ( ) Las Vegas 702-527-7300  ( ) Reno 775-686-5980

( )  (8)  The defendant is released on the conditions previously imposed.

### BOND

( )  (9)  The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____

( )  (10)  The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____

( )  (11)  The defendant shall execute a bail bond with solvent sureties in the amount of $ _____.

### PENDING MATTERS

( )  (12)  The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.

( )  (13)  The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.

( )  (14)  The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

### IDENTIFICATION

( )  (15)  The defendant shall use his/her true name only and shall not use any false identifiers.

( )  (16)  The defendant shall not possess or use false or fraudulent access devices.

### TRAVEL

(✓)  (17)  The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

( )  (18)  The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.

(✓)  (19)  The defendant shall not obtain a passport or passport card.

(✓)  (20)  The defendant shall abide by the following restrictions on personal association, place of abode, or travel:

Travel is restricted to the following areas:

( ) Clark County, NV   ( ) Washoe County, NV   ( ) State of NV   (✓) Continental U.S.A.   ( ) Other

( )  (21)  The defendant may travel to _____ for the purpose of _____.

### RESIDENCE

( )  (22)  The defendant shall maintain residence at ( ) current or ( ) at:

and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.

( )  (23)  The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.

( )  (24)  The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( )  (25)  The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

### EMPLOYMENT

( )  (26)  The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.

( )  (27)  The defendant shall not be employed in, or be present in, any setting directly involving minor children.

( )  (28)  The defendant shall not secure employment in the following field(s): _____

( )  (29)  The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

## EDUCATION/VOCATION

( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

## CONTACT

( ) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to. _Unless in presence of counsel_

(✓) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

## FIREARMS/WEAPONS

( ) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

## SUBSTANCE ABUSE TESTING AND TREATMENT

( ) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.

( ) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

( ) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) (41) The defendant shall refrain from any use of alcohol.

( ) (42) The defendant shall refrain from the excessive use of alcohol.

( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

( ) (44) The defendant shall not be in the presence of anyone using or possessing:

    ( ) (44A) A narcotic drug or other controlled substances
    ( ) (44B) Alcohol
    ( ) (44C) Intoxicating substances or synthetics

( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## MENTAL HEALTH TREATMENT

( ) (47) The defendant shall undergo medical or psychiatric treatment.

( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer..

( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## LOCATION MONITORING

( ) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

    ( ) (50A) Curfew.
    The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.

    ( ) (50B) Home Detention.
    The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

    ( ) (50C) Home Incarceration.
    The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

(   )   (51)   The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
     (   )   (51A)   Location monitoring technology as directed by Pretrial Services or the supervising officer.
     (   )   (51B)   Voice Recognition monitoring.
     (   )   (51C)   Radio Frequency (RF) monitoring.
     (   )   (51D)   Global Positioning Satellite (GPS) monitoring.
(   )   (52)   The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
(   )   (53)   The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## INTERNET ACCESS AND COMPUTERS
(   )   (54)   The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
(   )   (55)   The defendant may only use authorized computer systems at his/her place of employment for employment purposes.
(   )   (56)   The defendant shall refrain from possession of pornography or erotica in any form or medium.

## FINANCIAL
(   )   (57)   The defendant shall not obtain new bank accounts or lines of credit.
(   )   (58)   The defendant shall not act in a fiduciary manner on behalf of another person.
(   )   (59)   The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
(✓)   (60)   The defendant shall not solicit monies from investors.
(   )   (61)   The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
(   )   (62)   The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

## SEARCH
(   )   (63)   The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

## OTHER PROHIBITED ACTIVITIES
(   )   (64)   The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
(   )   (65)   The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
(   )   (66)   The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
(   )   (67)   The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
(   )   (68)   All aspects of the _____ dispensary shall be closed.
(   )   (69)   All promotion, web sites and advertising associated with the establishment should be discontinued.
(   )   (70)   The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
(   )   (71)   The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
(   )   (72)   The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
(   )   (73)   The defendant shall have no involvement in the referral of medical marijuana.

## OTHER CONDITIONS
(   )   (74)   The defendant shall abide by other conditions as noted below:

Revised 04/18/14 to include USDC/NV special conditions

Case 1:14-cr-00299-ENV  Document 71  Filed 08/05/14  Page 38 of 73 PageID #: 371
Case 2:14-mj-00469-CWH  Document 18  Filed 07/17/14  Page 7 of 7

AO 199C  (Rev. 09/08)  Advice of Penalties

Page ___ of ___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Las Vegas NV
_____
City and State

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: July 17, 2014

_____
Judicial Officer's Signature

C.W. HOFFMAN, JR.
_____
Printed name and title

DISTRIBUTION:  COURT  DEFENDANT  PRETRIAL SERVICE  U.S. ATTORNEY  U.S. MARSHAL

RENE L. VALLADARES
Federal Public Defender
State Bar No. No. 11479
WILLIAM CARRICO
State Bar No. 003042
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorneys for Abraxas J. Discala

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-mj-469-CWH |
| Plaintiff, | **NOTICE OF APPEARANCE** |
| vs. | |
| ABRAXAS J. DISCALA, | |
| Defendant. | |

NOTICE is hereby given that Assistant Federal Public Defender WILLIAM CARRICO, will serve as counsel for the above-captioned defendant.

Counsel's address is as follows:

> Federal Public Defender
> 411 E. Bonneville Avenue, Suite 250
> Las Vegas, Nevada 89101

DATED this 18th day of July, 2014.

RENE L. VALLADARES
Federal Public Defender

*/s/ William Carrico*
WILLIAM CARRICO
Assistant Federal Public Defender

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on July 18, 2014, she served an electronic copy of the above and foregoing **NOTICE OF APPEARANCE**, by electronic service (ECF) to the person named below:

DANIEL G. BOGDEN
United States Attorney
KIMBERLY FRAYN
Assistant United States Attorney
333 Las Vegas Blvd. So., 5th Floor
Las Vegas, Nevada 89101

/s/ Karen Meyer
Employee of the Federal Public Defender

2

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 2:14-mj-469 |
| Abraxas Discala | ) | Charging District: CR 14-399 |
| *Defendant* | ) | Charging District's Case No. |

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court Eastern District of New York | Courtroom No.: as directed |
|---|---|
| | Date and Time: August 15, 2014, 10 AM |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: July 17, 2014

_____
*Judge's signature*

C.W. HOFFMAN, JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the

District of Nevada

United States of America      )
    v.           )  Case No. 2:14-mj-469 CWH
Marc Wexler        )
     _Defendant_      )  Charging District: CR 14-399
             )  Charging District's Case No.

### ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
### WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

    After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court Eastern District of New York | Courtroom No.: As directed |
|---|---|
| | Date and Time: August 15, 2014, 10 AM |

    The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: July 17, 2014

                  _Judge's signature_

         C.W. HOFFMAN, JR., U.S. MAGISTRATE JUDGE
              _Printed name and title_

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | |
|---|---|
| United States of America | |
| v. | Case No. 2:17-mj-469 |
| Kyleen Cane | Charging District: CR14-399 |
| Defendant | Charging District's Case No. |

FILED ENTERED / RECEIVED SERVED ON COUNSEL/PARTIES OF RECORD

JUL 17 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: US District Court Eastern District of New York | Courtroom No.: as directed |
|---|---|
| | Date and Time: Aug 15, 2014, 10 AM |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: July 17, 2014

_____
*Judge's signature*

C.W. HOFFMAN, JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

CR 14 - 00399

SC:WMP/WMN/SCJ
F. #2013R01203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ABRAXAS J. DISCALA,
    also known as "AJ Discala,"
MARC WEXLER,
IRA SHAPIRO,
MATTHEW BELL,
CRAIG JOSEPHBERG,
    also known as "Jobo,"
KYLEEN CANE and
VICTOR AZRAK,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**INDICTMENT**

Cr. No. _____
(T. 15, U.S.C., §§ 78j(b) and 78ff;
T. 18, U.S.C., §§ 371, 981(a)(1)(C),
1343, 1349, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

2:14-mj-469-CWH

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendants and Relevant Entities</u>

      1.     The defendant ABRAXAS J. DISCALA, also known as "AJ Discala," a

resident of Rowayton, Connecticut, was the Chief Executive Officer of OmniView Capital

Advisors LLC ("OmniView"). DISCALA formed OmniView on or about February 3, 2011.

DISCALA also controlled The Broadsmoore Group LLC ("Broadsmoore") and Fidelis Holdings,

LLC ("Fidelis").

1

2.     OmniView was a Delaware limited liability company with its principal place of business in Rowayton, Connecticut, and an office in New York, New York. OmniView marketed itself as a merchant bank that sought to create partnerships with companies that were fundamentally sound in order to provide required capital and strategic advice. OmniView claimed to possess a team of seasoned professionals who had extensive knowledge of the capital markets, including having: (i) experience in raising capital through private placements, alternative public offerings and reverse takeovers of companies whose shares were traded on the Over-the-Counter ("OTC") exchanges; (ii) substantial contacts to bolster management boards; and (iii) a model that prevented any conflicts of interest between OmniView, investors and the target companies.

3.     The defendant MARC WEXLER, a resident of Colts Neck, New Jersey, was the Managing Director of OmniView.

4.     The defendant IRA SHAPIRO, a resident of Congers, New York, was the Chief Executive Officer and Chairman of the Board of CodeSmart Holdings, Inc. ("CodeSmart") and First Independence Corp. ("First Independence").

5.     The defendant MATTHEW BELL, a resident of Helotes, Texas, was a registered broker and investment adviser representative. In or about and between October 2009 and December 2013, BELL was employed as an investment adviser representative by IA Firm 1, an investment adviser firm registered with the United States Securities and Exchange Commission ("SEC"). In or about and between July 2009 and June 2013, BELL was also employed as a broker by BD Firm 1, a broker-dealer registered with the SEC and the Financial Industry Regulatory Authority, Inc. ("FINRA"), at its office in San Antonio, Texas. In or about

2

and between August 2013 and October 2013, BELL was employed as a broker by BD Firm 2, a broker-dealer registered with the SEC and FINRA, at its office in San Antonio, Texas.

6. The defendant CRAIG JOSEPHBERG, also known as "Jobo," a resident of New York, New York, was registered as a broker. In or about and between November 2010 and October 2013, JOSEPHBERG was employed as a broker by BD Firm 3, a broker-dealer registered with the SEC and FINRA, at its office in New York, New York. In or about and between October 2013 and June 2014, JOSEPHBERG was employed as a broker by BD Firm 4, a broker-dealer registered with the SEC and FINRA, at its office in New York, New York. JOSEPHBERG also controlled Garper LLC ("Garper"), a Delaware limited liability company with its principal place of business in New York, New York.

7. The defendant KYLEEN CANE, an attorney and resident of Las Vegas, Nevada, was the managing partner of Cane Clark LLP, a law firm that purportedly specialized in providing corporate and securities legal services to public companies with small capitalization.

8. The defendant VICTOR AZRAK, a resident of New York, New York, was the Vice President and Director of Excel Corp. ("EXCC"), a publicly traded Delaware company with its principal place of business in New York, New York.

II.     The Relevant Publicly Traded Companies

9. CodeSmart, formerly First Independence, was a Florida corporation with its principal place of business in New York, New York. CodeSmart traded under the ticker symbol ITEN. CodeSmart's purported business plan consisted of furnishing the healthcare industry with educated, trained and qualified "ICD-10" certified coders. ICD-10, the tenth revision of the International Statistical Classification of Diseases and Related Health Problems, a medical classification list created by the World Health Organization, was the medical coding

3

system mandated by the Centers for Medicare and Medicaid Services as part of the Patient

Protection and Affordable Care Act of 2010. CodeSmart offered "CodeSmart University" as "an

online program of study for existing coders, new coders, clinicians and healthcare roles of all

types."

        10.    Cubed, Inc. ("Cubed"), formerly a mining exploration company known as

Northwest Resources, Inc. ("Northwest"), was a Nevada corporation with its principal place of

business in Las Vegas, Nevada. Cubed traded under the ticker symbol CRPT. Cubed's

purported business plan involved the "Get CUBED" mobile-first platform, which Cubed claimed

was "a cloud-based, three-dimensional functional cube that appears on the screens of mobile

device owners, allowing developers and users to present complex and contextual concepts in a

clear and simple manner."

        11.    StarStream Entertainment Inc. ("StarStream"), formerly Gelia Group,

Corp., was a Nevada corporation with its principal place of business in Monterey, California.

StarStream traded under the ticker symbol SSET. StarStream's purported business plan

consisted of producing, promoting, supporting and developing motion pictures and funding

motion picture entities.

        12.    The Staffing Group, Ltd. ("Staffing Group"), formerly Aviana, Corp., was

a Nevada corporation with its principal place of business in New Orleans, Louisiana. Staffing

Group traded under the ticker symbol TSGL. Staffing Group's purported business plan consisted

of recruiting, hiring, employing and managing skilled workers for its clients.

III.     The Fraudulent Market Manipulation Schemes

        13.    In or about and between October 2012 and July 2014, the defendants

ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO,

4

MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and

VICTOR AZRAK, together with others, agreed to defraud investors and potential investors in

CodeSmart, Cubed, StarStream and Staffing Group (collectively, the "Manipulated Public

Companies") by artificially controlling the price and volume of traded shares in the Manipulated

Public Companies through, inter alia: (a) false and misleading press releases; (b) false and

misleading SEC filings; (c) fraudulent concealment of the defendants' and their co-conspirators'

ownership interests; (d) engineering price movements and trading volume in the stocks; and (e)

unauthorized purchases of stock in accounts of unwitting investors.

    A.    <u>The CodeSmart Manipulation Scheme</u>

        (i)    <u>Control of the Unrestricted Stock</u>

    14.    In April 2012, First Independence filed a Form S-1 with the SEC to

register an offering of 3,000,000 shares of its stock, which was made effective on August 7,

2012. In or about January 2013, despite projecting an extremely pessimistic outlook in prior

SEC filings, First Independence sold its entire lot of 3,000,000 unrestricted or free trading shares

to twenty-four shareholders, based primarily in Florida, for $0.0115 per share, raising $34,500

for the company. The 3,000,000 shares were registered with First Independence's transfer agent

on February 7, 2013. From February 2013 to April 2013, there was no public trading of First

Independence's stock. On or about May 3, 2013, CodeSmart, a private company, was acquired

by First Independence, a shell public company, in a reverse merger. Following the reverse

merger, the new company operated under the CodeSmart name.

    15.    In or about May 2013, the defendants ABRAXAS J. DISCALA, also

known as "AJ Discala," MARC WEXLER, MATTHEW BELL and CRAIG JOSEPHBERG,

also known as "Jobo," together with others, purchased the 3,000,000 unrestricted shares at

5

$0.023 per share from the aforementioned twenty-four shareholders. The new stock certificates were sent to Attorney 1, a New York attorney associated with DISCALA whose identity is known to the Grand Jury. The defendants and their co-conspirators concealed their ownership interest in the 3,000,000 unrestricted shares by distributing the shares across a number of co-conspirators and by placing them in nominee accounts designed to conceal the true owners of the shares. On June 14, 2013, CodeSmart implemented a 2-for-1 forward stock split of its common stock which caused the 3,000,000 shares controlled by DISCALA and his co-conspirators to double to 6,000,000 shares.

        (ii)    The Fraudulent Stock Manipulations

        16.    After gaining control of CodeSmart's unrestricted shares, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," together with others (collectively, the "CodeSmart Co-Conspirators"), devised a scheme whereby they fraudulently inflated CodeSmart's share price and trading volume and then sold the unrestricted CodeSmart stock at a profit when the share price reached desirable levels. Such a scheme is commonly referred to as a "pump and dump."

        17.    The first pump and dump occurred between approximately May 13, 2013 and August 21, 2013. During this first period, the CodeSmart Co-Conspirators manipulated CodeSmart's stock price by raising it from $1.77 to a high of $6.94, before causing it to drop to $2.19.

        18.    The second pump and dump occurred between approximately August 21, 2013 and September 20, 2013. During this second period, the CodeSmart Co-Conspirators

manipulated CodeSmart's stock price by raising it from $2.19 to a high of $4.60, before causing it drop to $2.13.

19.     CodeSmart's market capitalization at its highest closing price of $6.94 per share on July 12, 2013 was $86,347,800.  However, that same day, CodeSmart filed with the SEC an amended Form 10-K, signed by SHAPIRO, in which CodeSmart listed only $6,000 in total assets, $7,600 in revenue and a net loss of $103,141.  By December 30, 2013, CodeSmart's stock was trading at $0.66 per share, and on July 9, 2014, CodeSmart's stock closed at $0.01 per share.

20.     In furtherance of the CodeSmart stock manipulation scheme, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," together with others, coordinated their trading activity with the issuance of company press releases, a number of which contained false and misleading information.  These press releases, which touted agreements between CodeSmart and various universities and learning institutions, were issued at an accelerated rate in an effort to generate market interest in the stock.

21.     On or about May 28, 2013, CodeSmart issued a press release which stated, in part, that "its CodeSmart University product is the exclusive strategic partner for ICD-10 education and consulting services to Binghamton University, part of the State University of New York ('SUNY') system, which will exclusively market and provide CodeSmart University products to their students in the School for Continuing Education."  Contrary to this representation, CodeSmart was not the "exclusive strategic partner" for ICD-10 education courses at Binghamton University because Binghamton University also offered courses through other providers and had no plans to exclusively market CodeSmart University to its students.

7

Upon issuance of this press release, the trading volume of CodeSmart's shares surged to 316,000 compared to 122,400 the trading day before the press release.

22.    In furtherance of the CodeSmart stock manipulation scheme, during the first pump and dump period, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," together with others, filed and caused to be filed with the SEC forms that contained material misrepresentations and omissions. For example, on July 12, 2013, the day CodeSmart's stock closed at its highest share price of $6.94, CodeSmart filed with the SEC an amended Form 8-K, signed by SHAPIRO, in which CodeSmart estimated "about $10 million in revenues over the following 12 months from the date of this Report." On August 19, 2013, approximately one month later and the day CodeSmart's stock price had dropped dramatically to $2.50 per share, CodeSmart filed with the SEC a Form 10-Q, signed by SHAPIRO, which stated that the company did "not have sufficient funds to fully implement [its] business plan," and that, if they did not obtain the funds, CodeSmart "may need to curtail or cease [its] operations until such time as [it has] sufficient funds."

23.    In furtherance of the CodeSmart stock manipulation scheme, during the second pump and dump period, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," together with others, filed and caused to be filed with the SEC forms that contained material misrepresentations and omissions. For example, on August 26, 2013, at a time when CodeSmart's stock was rising and closed at $3.10 per share, CodeSmart filed with the SEC a Form 8-K, signed by SHAPIRO, in which SHAPIRO stated, "If we continue on the track we are on, I believe we will achieve our revenue and profit goals that were previously disclosed

8

for 2013 and beyond." The next day, on August 27, 2013, CodeSmart filed with the SEC a Form

8-K, signed by SHAPIRO, in which CodeSmart announced that CodeSmart's Chief Executive

Officer, SHAPIRO, had purchased 25,000 shares of the company's stock from the public market

at the market value of $3.21 per share for a cost of $80,250. In this SEC filing, SHAPIRO

extolled his purchase of CodeSmart stock and stated that his "stock purchase [was] symbolic of

[his] confidence in the Company and its mission." In reality, SHAPIRO did not pay for the

25,000 CodeSmart shares purchased in his brokerage account. On September 4, 2013, the same

day that SHAPIRO paid $81,278 from his personal bank account to his brokerage firm for the

25,000 shares of CodeSmart, DISCALA directed the transfer of $81,278 from Fidelis' bank

account, which DISCALA controlled, to SHAPIRO's personal bank account.

        (iii)   <u>Profits at Investors' Expense</u>

       24.     The defendants ABRAXAS J. DISCALA, also known as "AJ Discala,"

MARC WEXLER, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo,"

together with others, profited by selling CodeSmart stock, issued to them at pennies, to BELL's

clients at IA Firm 1 and JOSEPHBERG's customers at BD Firm 3. On some occasions,

DISCALA, WEXLER, BELL and JOSEPHBERG, together with others, sold CodeSmart shares

to BELL's clients at IA Firm 1 and JOSEPHBERG's customers at BD Firm 3 without their

clients' and customers' knowledge and consent and without providing them with required

disclosure documents.

       25.     At the same time that the defendant MATTHEW BELL, together with

others, was purchasing CodeSmart stock in IA Firm 1's clients' accounts, BELL was selling

CodeSmart shares in his personal trading account. Specifically, in or about and between May

2013 and October 2013, IA Firm 1's clients purchased approximately one million shares of

9

CodeSmart, while BELL sold approximately 99,500 of the 125,000 free trading or unrestricted shares of CodeSmart in his personal brokerage account. Nearly half of the one million CodeSmart shares purchased in IA Firm 1's clients' accounts were purchased in Individual Retirement Accounts ("IRAs").

26. At the same time that the defendant CRAIG JOSEPHBERG, also known as "Jobo," together with others, was purchasing CodeSmart stock in BD Firm 3's customers' accounts, JOSEPHBERG was selling CodeSmart stock in Garper's brokerage accounts. Specifically, in or about and between May 2013 and October 2013, BD Firm 3's customers purchased approximately 140,000 shares of CodeSmart, while JOSEPHBERG sold approximately 256,000 shares of CodeSmart stock in Garper's brokerage accounts.

27. On or about and between May 13, 2013 and August 7, 2013 alone, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," sold approximately 834,472 shares of CodeSmart in their personal accounts while BELL and JOSEPHBERG purchased 814,827 shares of CodeSmart in their clients' and customers' accounts.

28. The defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL and CRAIG JOSEPHBERG, also known as "Jobo," profited through their fraudulent manipulation of CodeSmart's stock. The defendants profited as follows: (a) DISCALA profited at least $3 million from trading CodeSmart's stock, which included $600,000 in profit from an account held in his administrative assistant's name; (b) WEXLER profited at least $2.2 million; (c) BELL profited at least $550,000; (d) JOSEPHBERG profited at least $750,000; and (e) SHAPIRO was paid an annual salary of approximately $225,000.

10

B.   **The Cubed Manipulation Scheme**

(i)   **The Formation of Cubed**

29.   On March 6, 2014, Northwest, a shell public company with only nominal assets and no revenues, appointed John Doe 1, an individual whose identity is known to the Grand Jury, the President and Chief Operating Officer of Crackpot, Inc. ("Crackpot"), a private company, as its sole officer and director.  Crackpot marketed itself as a "developer of a mobile-first information communications technology that offers users a digital platform for the creation of content that combines text, images, audio, and video."  A week later, on March 14, 2014, Northwest filed with the SEC a Form 8-K explaining that Northwest had changed its name to Cubed.

30.   On March 24, 2014, Cubed filed with the SEC a Form 8-K stating that it had entered into an intellectual property purchase agreement (the "Asset Purchase Agreement") with Crackpot pursuant to which it acquired intellectual property, specifically a "mobile-first platform," from Crackpot.  In exchange for this intellectual property, Cubed agreed to pay Crackpot $350,000 and 2,537,455 restricted shares of Cubed.  Cubed had no assets and was a penny stock at the time of the Asset Purchase Agreement.  Through this Asset Purchase Agreement, Crackpot, a private company, effectively became Cubed, a public company.  On March 26, 2014, Cubed's board of directors appointed John Doe 2, an individual whose identity is known to the Grand Jury, the original founder of Crackpot, as the new Chief Executive Officer and President, replacing John Doe 1.

(ii)   **The Fraudulent Stock Manipulation**

31.   On March 28, 2014, 200 shares of Cubed were sold at $5.00 per share. Based on the $5.00 share price and its outstanding common stock, Cubed had a market

11

capitalization of approximately $150 million. On April 22, 2014, after 15 days of no trading

activity, Cubed's stock began trading in earnest at a price of $5.25; the stock closed that day at

$5.20.

32.     On or about and between April 22, 2014 and April 30, 2014, the

defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER,

MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and

VICTOR AZRAK, together with others (collectively, the "Cubed Co-Conspirators"), were

responsible for manipulating the vast majority of the trading activity in Cubed. Specifically, the

Cubed Co-Conspirators purchased more than 50% of the total number of Cubed shares

purchased during this period. The Cubed Co-Conspirators used BD Firm 4, where

JOSEPHBERG was employed, to execute these fraudulent trades.

33.     In or about and between March 2014 and July 2014, the defendants

ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL,

CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK,

together with others, devised a scheme whereby they fraudulently manipulated Cubed's stock by

artificially controlling the price and volume of Cubed's stock through, inter alia, wash trades and

match trades.

34.     Wash trades are purchases and sales of securities that match each other in

price, volume and time of execution, and involve no change in beneficial ownership. For

example, a wash trade takes place when Investor A buys 100 shares at $5.00 of Company A

through Broker A while simultaneously selling 100 shares at $5.00 of Company A through

Broker B. Match trades are similar to wash trades but involve a related third person or party who

places one side of the trade. For example, a match trade takes place when Investor A buys 100

shares at $5.00 of Company A through a broker, while Investor B, who coordinates with Investor A, simultaneous sells 100 shares at $5.00 of Company A through a broker. Both wash trades and match trades are used to create the appearance that the stock price rose as a result of genuine market demand for the securities.

35.     On or about and between May 2, 2014 and June 29, 2014, law enforcement authorities conducted a judicially-authorized wiretap of the defendant ABRAXAS J. DISCALA's, also known as "AJ Discala," cellular telephone (the "Discala Wiretap"). The Discala Wiretap revealed that the Cubed Co-Conspirators used wash trades and match trades to manipulate Cubed's stock price and volume. Rather than generating significant market interest and causing a quick pump and dump that would elicit regulators' scrutiny, the Cubed Co-Conspirators engaged in a scheme that gradually increased the price of Cubed's stock to give it the appearance of a legitimate company with genuine and steady market demand for the security.

36.     For example, on or about and between April 22, 2014 and May 22, 2014, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, successfully manipulated Cubed's stock, causing its share price to gradually increase from a closing price of $5.20 on April 22, 2014 to a closing price of $5.42 on May 22, 2014. During this period, DISCALA controlled the fraudulent manipulation of Cubed's stock by directing the price and volume of Cubed's shares traded on the market. For example, on May 6, 2014, DISCALA sent a text message to JOSEPHBERG stating, "Go 531. Please." That day, Cubed's stock closed at $5.32 per share.

(iii)   The Escrow Account

37.     To successfully execute their fraudulent scheme of causing a controlled rise of Cubed's stock, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, used an escrow account that was maintained by CANE to manipulate the price and volume of Cubed's stock. For example, on May 13, 2014, while discussing Cubed, BELL sent a text message to DISCALA, and asked, "How[']s the escrow going[?]," to which DISCALA responded, "Need sales. Need buyers." On May 20, 2014, during a telephone call between DISCALA and AZRAK, after discussing a conversation between JOSEPHBERG and CANE about the escrow account, DISCALA explained his control over Cubed's share price, and stated, in part, "I'm the [expletive] brake and the gas, [expletive]. If I take my foot off the brake it's 55 [dollars] tomorrow (Laughter)."

38.     On May 23, 2014, due to poor coordination with a co-conspirator, the defendant ABRAXAS J. DISCALA, also known as "AJ Discala," briefly lost control of his manipulation of Cubed's share price, which caused it to surge from the previous day's closing price of $5.42 to an intraday high of $7.05 per share. However, as explained below, DISCALA regained control that same day and brought the share price back down to have it close at $6.30 per share.

39.     During three telephone calls that day, May 23, 2014, the defendant ABRAXAS J. DISCALA's, also known as "AJ Discala," control of the price of Cubed's stock is apparent. During a telephone call that morning, DISCALA and the defendant KYLEEN CANE discussed the jump in Cubed's price to $7 per share, and CANE stated, in part, "We need to keep it back down now. We need to keep it back down." Later that day, during a telephone call

14

between DISCALA and the defendant VICTOR AZRAK, DISCALA stated, in part, "I talked to Kyleen [CANE], and we, we don't want this. We would want 6.35 today, 6.30, something like that, and then let, let news rip it next week." Finally, DISCALA also called the defendant MARC WEXLER to explain the trading in Cubed's share price, and stated, in part, "Yeah like…it just looks stupid! It went up, and up, and then it came back, you know – it's like, look, if we ended at 6.30, we're good. I wanna bring it back up to 6.55; 6.55 on Tuesday, which I can, with some news, right? And just keep stepping it."

40.     The defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, are continuing to fraudulently manipulate Cubed's stock using the escrow account. On June 23, 2014, Cubed reached its highest closing price of $6.75 per share. At $6.75 per share, Cubed's market capitalization was approximately $200 million. On April 21, 2014, however, Cubed filed with the SEC a Form 10-Q and reported less than $1,500 in cash, zero revenue, negative stockholders' equity, a net loss of $15,000 and accrued professional fees of $131,824. On July 9, 2014, Cubed's stock price closed at $6.60 per share and was, thus, still in the controlled pump phase of the fraudulent manipulation scheme orchestrated by the Cubed Co-Conspirators.

C.     The StarStream and Staffing Group Manipulation Schemes

41.     In or about and between October 2013 and July 2014, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, agreed to fraudulently manipulate StarStream's and Staffing Group's stocks

15

by artificially controlling the price and volume of StarStream's and Staffing Group's stocks through, inter alia, wash trades and match trades.

(i)    The StarStream Manipulation

42.    In furtherance of the scheme to manipulate StarStream's stock, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, coordinated the fraudulent buying and selling of StarStream's stock through the use of, inter alia, text messages and telephone calls.

43.    On May 7, 2014, WEXLER sent a text message to DISCALA, stating, "We may need to buy SSET at close. I think EJA has some $. Got it it to 15 cents. LOL what a joke." That day, StarStream's stock price closed at $0.30 on 41,100 trading volume, a significant decrease from the previous day's closing price of $0.48 on 16,200 trading volume. The following day, on May 8, 2014, StarStream's stock price closed at $0.15 per share, exactly the price proposed by WEXLER.

44.    On May 13, 2014, before trading commenced, the defendant ABRAXAS J. DISCALA, also known as "AJ Discala," sent a text message to the defendant MATTHEW BELL, stating, "We got good stuff going. Sset. Should be over a buck today." That day, StarStream's stock price, which opened at $0.35 per share, reached an intraday high of $1.05 per share, before closing at $0.80 per share.

(ii)    The Staffing Group Manipulation

45.    In furtherance of the scheme to manipulate Staffing Group's stock, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and

16

VICTOR AZRAK, together with others, coordinated the fraudulent buying and selling of

Staffing Group's stock through the use of, <u>inter alia</u>, text messages and telephone calls.

46. On May 7, 2014, BELL sent a text message to DISCALA, stating, "TSGL is tanking. We still good?" In response, DISCALA stated, "Yes. Buy all u can at 20 or better. We're cleaning it up." On May 7, 2014, Staffing Group's stock price closed at $0.25 on 178,300 trading volume, a significant decrease from the previous day's closing price of $0.36 on no trading volume.

47. On May 16, 2014, the defendant ABRAXAS J. DISCALA, also known as "AJ Discala," sent a text message to the defendant CRAIG JOSEPHBERG, also known as "Jobo," stating, "Call in victors [AZRAK] tsgl. Supposed to be good til cancel. This shot affects us." On May 16, 2014, the trading volume in the Staffing Group was 13,500 compared to 1,700 on the previous trading day and 2,500 on the following trading day.

48. On May 30, 2014, the defendant ABRAXAS J. DISCALA, also known as "AJ Discala," sent a text message to the defendant MARC WEXLER, stating, "Buy 5k more ts [TSGL] market im gonna get this thing flying." On May 30, 2014, Staffing Group's stock price closed at $0.42 per share on 187,300 trading volume, which was almost double the closing price of $0.23 on 6,000 trading volume on the previous day.

COUNT ONE

(Conspiracy to Commit Securities Fraud –
the Manipulated Public Companies)

49. The allegations contained in paragraphs one through forty-eight are realleged and incorporated as though fully set forth in this paragraph.

50. In or about and between October 2012 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

17

defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA

SHAPIRO, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN

CANE and VICTOR AZRAK, together with others, did knowingly and willfully conspire to use

and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the

Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code

of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to

defraud; (b) making untrue statements of material fact and omitting to state material facts

necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading; and (c) engaging in acts, practices and courses of business which

would and did operate as a fraud and deceit upon investors and potential investors in the

Manipulated Public Companies, in connection with the purchase and sale of investments in the

Manipulated Public Companies, directly and indirectly, by use of means and instrumentalities of

interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and

78ff.

       51.     In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendants ABRAXAS J. DISCALA, also

known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL, CRAIG

JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with

others, committed and caused to be committed, among others, the following:

OVERT ACTS

       a.     On or about June 4, 2013, SHAPIRO sent an email to John Doe 3,

a representative of Ramapo College of New Jersey whose identity is known to the Grand Jury,

copying two of SHAPIRO's colleagues, whose identities are known to the Grand Jury, and

18

stated, in part, "My apologies on behalf of CODESMART.  We did not know about that language you [sic] were allowed to use and certainly will consult with you next time we do a promotion.  This is all done in a spirit of promoting business opportunities for you as a partner."

       b.    On or about July 22, 2013, WEXLER and BELL entered into a purchase agreement whereby WEXLER sold BELL 50,000 shares of CodeSmart common stock for $28,000 at a purchase price of $0.56 per share.

       c.    On or about August 15, 2013, DISCALA signed a purchase agreement on behalf of Fidelis whereby he sold 25,000 shares of CodeSmart common stock to Victim 1, an individual whose identity is known to the Grand Jury, for $3,500 at a purchase price of $0.14 per share.

       d.    On or about August 27, 2013, SHAPIRO filed with the SEC a Form 8-K on behalf of CodeSmart and stated that he had purchased 25,000 shares of the company's stock from the public market at the market value of $3.21 per share for a cost of $80,250.

       e.    On or about April 11, 2014, BELL sent a text message to DISCALA, stating, "FedEx send you money for cube on Monday. Made out to Omniview."

       f.    On or about May 12, 2014, during a telephone call between DISCALA and AZRAK, AZRAK stated, in part, "We should start sending [JOSEPHBERG] morons, by the way.  We could trade for free, you know, send him a moron, you know, a guy you don't know and then we'll just buy stocks and if they don't go up by the end, we'll buy, like, options – Twitter options – that expire in, like, a day.  Either we'll make like twenty times or we'll just give him the stock."

g.      On or about May 17, 2014, during a telephone call between DISCALA and WEXLER, DISCALA stated, in part, "So our deal is going to pay the Cube two-fifty, cause these guys can't generate revenue, so I'm going to generate it myself."

h.      On or about May 20, 2014, during a telephone call between DISCALA and AZRAK, DISCALA stated, in part, "Right, because I'm the [expletive] brake and the gas, [expletive].  If I take my foot off the brake it's 55 [dollars] tomorrow (Laughter)."

i.      On or about May 21, 2014, during a telephone call between DISCALA and CANE, CANE stated, in part, "You know [the Investor Relations/Public Relations guys are] going to be doing it and I also just talked to two people that are gonna probably going to put in another half a million into Cubed for some interim, interim money."

j.      On or about May 22, 2014, during a telephone call between DISCALA and JOSEPHBERG, JOSEPHBERG stated, in part, "I don't want to be the only one buying today.  I heard it looks very bad for a broker to be the only one buying, that's what I heard."

k.      On or about May 27, 2014, during a telephone call between DISCALA and CANE, CANE stated, in part, "Well it's um, it's gonna start happening . . . I don't know if the press has even come out yet.  There's gonna be a release today . . . on the . . . acquisition . . . we're having a conference call in about 30 minutes with the first PR that's gonna go out – the PR group."

l.      On or about June 6, 2014, during a telephone call between DISCALA and WEXLER, WEXLER stated, in part, "We don't need to go up every [expletive] day, but the bottom line is, you know, we're [expletive] supporting the stock [ ]."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

20

<u>COUNT TWO</u>
(Conspiracy to Commit Mail Fraud and Wire Fraud –
the Manipulated Public Companies)

52.     The allegations contained in paragraphs one through forty-eight are realleged and incorporated as though fully set forth in this paragraph.

53.     In or about and between October 2012 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, did knowingly and intentionally conspire:

a.     to devise a scheme and artifice to defraud investors and potential investors in the Manipulated Public Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be delivered matter and things by FedEx Corp. ("FedEx") and other private and commercial interstate carriers according to the direction thereon, contrary to Title 18, United States Code, Section 1341; and

b.     to devise a scheme and artifice to defraud investors and potential investors in the Manipulated Public Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 <u>et seq</u>.)

21

63

<u>COUNT THREE</u>
(Securities Fraud – CodeSmart)

54.     The allegations contained in paragraphs one through twenty-eight are realleged and incorporated as though fully set forth in this paragraph.

55.     In or about and between October 2012 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL, and CRAIG JOSEPHBERG, also known as "Jobo," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in CodeSmart, in connection with the purchases and sales of investments in CodeSmart, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

## COUNT FOUR
### (Securities Fraud – Cubed)

56.     The allegations contained in paragraphs one through thirteen and twenty-nine through forty are realleged and incorporated as though fully set forth in this paragraph.

57.     In or about and between March 2014 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in Cubed, in connection with the purchases and sales of investments in Cubed, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

        (Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

23

## COUNTS FIVE THROUGH TEN
### (Wire Fraud)

58.     The allegations contained in paragraphs one through forty-eight are realleged and incorporated as though fully set forth in this paragraph.

59.     In or about and between October 2012 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, CRAIG JOSEPHBERG, also known as "Jobo," and VICTOR AZRAK, together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors and potential investors in the Manipulated Public Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises.

60.     On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, CRAIG JOSEPHBERG, also known as "Jobo," and VICTOR AZRAK, together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as set forth below:

| Count | Defendants | Date | Description |
|---|---|---|---|
| FIVE | DISCALA and WEXLER | 05/09/2014 | Telephone call from DISCALA to WEXLER discussing, inter alia, the manipulation of Cubed's stock. |
| SIX | DISCALA | 05/09/2014 | Telephone call from DISCALA to Broker 1, an individual whose identity is known to the Grand Jury, discussing, inter alia, the manipulation of Cubed's stock. |

24

| | | | |
|---|---|---|---|
| SEVEN | DISCALA and AZRAK | 05/09/2014 | Telephone call from DISCALA to AZRAK discussing, _inter alia_, the manipulation of Cubed's and StarStream's stocks. |
| EIGHT | DISCALA | 06/12/2014 | Telephone call from DISCALA to Trader 1, an individual whose identity is known to the Grand Jury, discussing, _inter alia_, the manipulation of StarStream's stock. |
| NINE | DISCALA and JOSEPHBERG | 06/12/2014 | Telephone call from DISCALA to JOSEPHBERG discussing, _inter alia_, the manipulation of StarStream's stock. |
| TEN | DISCALA and WEXLER | 06/12/2014 | Telephone call from DISCALA to WEXLER discussing, _inter alia_, the manipulation of CodeSmart's, Cubed's and StarStream's stock. |

(Title 18, United States Code, Sections 1343, 2 and 3551 _et seq._)

<u>CRIMINAL FORFEITURE ALLEGATION</u>

61.    The United States hereby gives notice to the defendants ABRAXAS J.

DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW

BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK

that, upon conviction of any of the above-charged offenses, the government will seek forfeiture,

in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), of any property, real or personal, which constitutes or is derived from

proceeds traceable to any of the above-charged offenses, including but not limited to the

following:

a.    real property and premises known as 10 Vincent Place, Norwalk,

Connecticut, and all proceeds traceable thereto.

25

62. If any of the above-described forfeitable property, as a result of any act or omission of the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," MARC WEXLER, IRA SHAPIRO, MATTHEW BELL, CRAIG JOSEPHBERG, also known as "Jobo," KYLEEN CANE and VICTOR AZRAK:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____

FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

26

68

Case 1:14-cr-00399-EMK-CJH Document 71 Filed 08/05/14 Page 70 of 73 PageID #: 403
Case 2:14-mj-00399-CWH Document 19 Filed 07/11/14 Page 27 of 29
Case 1:14-cr-00399-ARR Document 1 Filed 07/15/14 Page 27 of 27 PageID #: 27

F. #2013R01203
FORM DBD-34
JUN. 85

No. 13-0553

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ABRAXAS J. DISCALA, *et al.,*

Defendants.

## INDICTMENT

(T. 15, U.S.C., §§ 78j(b) and 78ff; T. 18, U.S.C., §§ 371, 981(a)(1)(C),
1343, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Winston M. Paes, Assistant U.S. Attorney (718) 254-6023*

Case 1:14-cr-00399-FNM Document 71 Filed 08/05/14 Page 71 of 73 PageID #: 404
Case 2:14-mj-00489-CWH Document 19 Filed 07/17/14 Page 23 of 29
Case 1:14-cr-00399-ARR Document 1-1 Filed 07/15/14 Page 1 of 1 PageID #: 28

# CR 14 - 00399

## INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

ROSS, J.

1. Title of Case: <u>United States v. Abraxas J. Discala, et al.</u>

2. Related Magistrate Docket Number(s): <u>N/A</u>

3. Arrest Date: <u>N/A</u>

SCANLON, M.J.

4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules): <u>N/A</u>

6. Projected Length of Trial:  Less than 6 weeks  ☒
   More than 6 weeks  ☐

7. County in which crime was allegedly committed: <u>Staten Island</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☐ Yes  ☒ No

9. Has this indictment/information been ordered sealed?   ☒ Yes  ☐ No

10. Have arrest warrants been ordered?   ☒ Yes  ☐ No

11. Is there a capital count included in the indictment?   ☐ Yes  ☒ No

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: _____
Winston M. Paes
Assistant U.S. Attorney
718-254-6023

---

[1]    Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12

TO: Clerk's Office
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSS, J.

APPLICATION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★★ JUL 15 AM 10: 24

U.S. DISTRICT COURT
EASTERN DISTRICT OF N.Y.

************************

UNITED STATES OF AMERICA

-v.-

AADA XAS J. DISCARA, ET AL.

Docket Number

SCANLON, M.J.

A) If pursuant to a prior Court Order:
Docket Number of Case in Which Entered:
Judge/Magistrate Judge:
Date Entered:

B)

If a new application, the statute, regulation, or other legal basis that
authorizes filing under seal

************************

SUBMITTED BY: Plaintiff ___ Defendant ___ DOJ ✓
Name: WINSTON PAES , AUSA
Firm Name: USAO - EDNY
Address:

Phone Number:
E-Mail Address:

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ___ NO ✓
If yes, state description of document to be entered on docket sheet:

ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE,
AND MAY NOT BE UNSEALED UNLESS ORDERED BY
THE COURT.

DATED: _____, NEW YORK

_____
U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE

RECEIVED IN CLERK'S OFFICE _____ DATE

MANDATORY CERTIFICATION OF SERVICE:
A) ___ A copy of this application either has been or will be promptly served upon all parties to this action. B) ___ Service is excused by 31 U.S.C. 3730(b), or
by the following other statute or regulation: _____; or C.) ✓ This is a criminal document submitted, and flight public safety, or security are significant
concerns. (Check one)

7/15/14
DATE

_____
SIGNATURE

71

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

LANCE S. WILSON                                    CYNTHIA JENSEN
DISTRICT COURT EXECUTIVE/CLERK          CHIEF DEPUTY CLERK, LAS VEGAS

                                                           JAKE HERB
                                           CHIEF DEPUTY CLERK, RENO

August 5, 2014

Clerk, U.S. District Court
Eastern District of New York
225 Cadman Plaza East, Room 118S
Brooklyn, NY 11201-1818
InterdistrictTransfer_NYED@nyed.uscourts.gov

RE:     USA v. Abraxas J. Discala, et al.,
        Your Case No.1:14-cr-00399-ENV
        Our NVD Case No.2:14-mj-00469-CWH

Dear Clerk:

        Please be advised that Defendants Abraxas J. Discala, Marc Wexler, and Kyleen Cane
were arrested in the District of Nevada (Las Vegas) on a warrant issued by the Eastern District
of New York and appeared before The Honorable Carl W. Hoffman, United States Magistrate
Judge, on July 17, 2014. The Defendants were released on a personal recognizance bond and
ordered to appear in your court on August 15, 2014 at 10:00 am. Enclosed are all documents
completed in this district.

Thank you.

LANCE S. WILSON, Clerk
United States District Court


/s/ Shelly Denson
Deputy Clerk


Enclosures

72