UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

UNITED STATES OF AMERICA,

    - against -

ABRAXAS J. DISCALA,
    also known as "AJ Discala,"
IRA SHAPIRO,
CRAIG JOSEPHBERG,
    also known as "Jobo,"
KYLEEN CANE,
DARREN GOODRICH,
DARREN OFSINK and
MICHAEL MORRIS,

                Defendants.

-------------------------------------------------------------------- x

14 Cr. 399 (ENV)

## STIPULATION AND ORDER

      **WHEREAS**, the parties jointly request that this Court issue an order, pursuant to

Federal Rule of Evidence 502(d) and the Court's inherent authority, which will permit review of

the documents and information provided as Rule 16 discovery in this action without resulting in

the automatic waiver of Defendant Kyleen Cane's ("Cane") privilege in this or any other

proceeding; and

      **WHEREAS**, as part of its investigation of this matter, the government has seized

Cane's smartphone; and

      **WHEREAS**, Cane's smartphone contains more than 44,000 discrete items

containing data; and

      **WHEREAS**, Cane, her attorneys and a taint team from the United States

Attorney's Office have reviewed the items on Cane's smartphone to the best of their ability, in

order to determine whether data on Cane's smartphone is subject to a claim of attorney client privilege; and

WHEREAS, Cane and her attorneys will authorize the taint team from the United States Attorney's Office to release to the trial team in this matter the data on Cane's smartphone that they have, to the best of their ability, determined is not subject to a claim of attorney client privilege.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. **No Waiver by Disclosure.** Subject to the provisions of this Stipulation and Order, Cane reserves her right to assert a claim of attorney client privilege with respect to information included in the data on her smartphone that is released to the trial team in this case, and her claim of attorney client privilege shall not be waived by virtue of the release of said data to the trial team or the other parties in this case or any other federal or state action. Provided, however, that the burden of demanding the return of any data from the parties in this action because said data is attorney client privileged shall be on Cane.

2. **Notification Requirements; Obligations of Receiving Party.** In the event that Cane discovers that attorney client privileged data from her smartphone has been disclosed to the United States Attorney's Office or any other party to this action, in order to preserve the privilege, she must notify the Government or any co-defendant (a "Receiving Party") in writing that data (the "Protected Material") as to which she asserts an attorney client privilege has been disclosed and demand that it be returned (the "Clawback Demand"). Upon receiving a Clawback Demand, the Receiving Party shall – regardless of whether the Receiving Party agrees with the assertion of privilege or protection – (i) within five (5) business days after receipt of the Clawback Demand, provide to counsel for Cane with written assurance that it will cease further

- 2 -

review, use and/or dissemination of the identified Protected Material. The Receiving Party shall, however, continue to retain custody of its copy of the Protected Material, until such time as the Court determines that the Protected Material is attorney client privileged. Counsel for Cane must identify on a privilege log any Protected Material with particularity (*i.e.* provide the Bates numbers or sufficient information to identify the data), as well as the basis for her claim of privilege.

   3. **Timing of the Clawback Demand; Not a Precondition to Litigation.** A Clawback Demand shall be made promptly, but no later than 10 days, absent good cause for additional delay, after either (i) Cane is notified by a Receiving Party of a possible inadvertent disclosure of potentially Protected Material, or (ii) Cane discovers that potentially Protected Material was produced. If at any point during the proceedings, any party seeks to introduce into evidence or into the record any potentially Protected Material that has not yet been the subject of a Clawback Demand, counsel for Cane upon timely objection may litigate whether such data is protected prior to its admission into evidence or prior to such data being made part of the record of this case.

Dated: ~~December  , 2015~~ March 21, 2016
   New York, New York

ROBERT CAPERS
United States Attorney

By: _____
  Shannon Jones
  Assistant United States Attorney

_____
Patrick Hein
Assistant United States Attorney

- 3 -

CHARLES A. ROSS & ASSOCIATES LLC

By:_____

Charles A. Ross
*Attorney for Defendant Abraxas J. Discala*


NEWMAN & GREENBERG LLP

LAW OFFICE OF DAVID USHER GOUREVITCH, P.C.


By:_____

Richard A. Greenberg
Steven Y. Yurowitz

David U. Gourevitch

*Attorneys for Defendant Ira Shapiro*


MORVILLO LLP


By:_____

Amy Walsh
*Attorney for Defendant Craig Josephberg*



SERCARZ & RIOPELLE

By:_____

Roland Riopelle
*Attorney for Defendant Kyleen Cane*


BRUNO & DEGENHARDT

By:_____

Christopher Bruno
*Attorney for Defendant Darren Ofsink*

- 4 -

CHARLES A. ROSS & ASSOCIATES LLC

By:_____

    Charles A. Ross
    *Attorney for Defendant Abraxas J. Discala*


NEWMAN & GREENBERG LLP
LAW OFFICE OF DAVID USHER GOUREVITCH, P.C.

By: *David Gourevitch*

    Richard A. Greenberg
    Steven Y. Yurowitz

    David U. Gourevitch

    *Attorneys for Defendant Ira Shapiro*


MORVILLO LLP

By:_____

    Amy Walsh
    *Attorney for Defendant Craig Josephberg*


SERCARZ & RIOPELLE

By: *Roland Riopelle*

    Roland Riopelle
    *Attorney for Defendant Kyleen Cane*


BRUNO & DEGENHARDT

By:_____

    Christopher Bruno
    *Attorney for Defendant Darren Ofsink*

CHARLES A. ROSS & ASSOCIATES LLC

By:_____

    Charles A. Ross
    *Attorney for Defendant Abraxas J. Discala*


NEWMAN & GREENBERG LLP

LAW OFFICE OF DAVID USHER GOUREVITCH, P.C.

By:_____

    Richard A. Greenberg
    Steven Y. Yurowitz

    David U. Gourevitch

    *Attorneys for Defendant Ira Shapiro*


MORVILLO LLP

By:_____

Amy Walsh
*Attorney for Defendant Craig Josephberg*


SERCARZ & RIOPELLE

By:_____

    Roland Riopelle
    *Attorney for Defendant Kyleen Cane*


BRUNO & DEGENHARDT

By:_____

    Christopher Bruno
    *Attorney for Defendant Darren Ofsink*

- 4 -

CHARLES A. ROSS & ASSOCIATES LLC


By:_____
    Charles A. Ross
    *Attorney for Defendant Abraxas J. Discala*


NEWMAN & GREENBERG LLP
LAW OFFICE OF DAVID USHER GOUREVITCH, P.C.


By:_____
    Richard A. Greenberg
    Steven Y. Yurowitz

    David U. Gourevitch

    *Attorneys for Defendant Ira Shapiro*


MORVILLO LLP


By:_____
    Amy Walsh
    *Attorney for Defendant Craig Josephberg*



SERCARZ & RIOPELLE

By:_____
    Roland Riopelle
    *Attorney for Defendant Kyleen Cane*


BRUNO & DEGENHARDT

By:_____
    Christopher Bruno
    *Attorney for Defendant Darren Ofsink*


- 4 -

THOMPSON HINE LLP

By: _____
Maranda E. Fritz
*Attorney for Defendant Michael Morris*

DLA PIPER, LLP

By: _____
Patrick Smith, Esq.
*Attorney for Defendant Darren Goodrich*

SO ORDERED:

_____
HON. ERIC N. VITALIANO
U. S. D. J.

- 5 -

THOMPSON HINE LLP

By:_____
    Maranda E. Fritz
    *Attorney for Defendant Michael Morris*

DLA PIPER, LLP

By:_____
    Patrick Smith, Esq.
    *Attorney for Defendant Darren Goodrich*


SO ORDERED:


_____
HON. ERIC N. VITALIANO
    U. S. D. J.

- 5 -