

U.S. Department of Justice

United States Attorney
Eastern District of New York

WMP:SCJ
F. #2013R01203

271 Cadman Plaza East
Brooklyn, New York 11201

April 1, 2016

<u>By Hand and ECF</u>

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Abraxas Discala et al.
       Criminal Docket No. 14-399 (ENV) (S-1)

Dear Judge Vitaliano:

  The government respectfully submits this letter to seek the Court's permission to keep an imaged copy of the electronic items seized from the office of OmniView for purposes of authentication at any trial in the above-referenced case. I have discussed this issue with counsel for the defendant Abraxas Discala, who does not object to this request.

  A. <u>Background</u>

  On or about July 17, 2014, pursuant to a search warrant, the government searched and seized documents and electronic items from the Connecticut office of OmniView Capital Advisors LLC ("OmniView"). The defendant Abraxas Discala was the Chief Executive Officer of OmniView. Included among the items seized from OmniView's office were several computers and servers. Due to the amount of electronic data on the seized computers and servers, after these items were imaged by the Federal Bureau of Investigation ("FBI"), copies of these images were provided to an outside digital forensic laboratory company, CACI, Inc. ("CACI"), which sorted the data into a set that was responsive to a list of search terms agreed upon by the government and the defendants charged in the original indictment (the "responsive data set") and a set that was not responsive to those search terms (the "non-responsive data set"). CACI provided a copy of the responsive data set to the government, which is in the process of uploading it into a searchable database to enable the filter team to perform a search to exclude documents that may be potentially privileged based on a list of attorney names provided by Discala's counsel. After the potentially privileged documents

are removed from the responsive data set, the remaining responsive data set will be made available to the trial team for review.

   B. Application

   At the last status conference on March 18, 2016, Discala requested that the government return to Discala the non-responsive data set. The Court agreed that this request was appropriate, and ordered the government to return the electronic data that the government has determined is not within the scope of its search warrant.

   While the government does not object to returning the non-responsive data set, extra copies of the imaged items, and the original computers and servers seized from OmniView to Discala, the government respectfully requests that that the Court's order be modified to permit the FBI to retain custody of one set of the forensic images it created of the seized computers and servers for purposes of evidence preservation and authentication at trial of documents and data included in the responsive data set. As noted above, counsel for Discala, Charles Ross, Esq., does not object to this request.

   In United States v. Ganias, 755 F.3d 125, 137 (2d Cir. 2014), the Second Circuit held that, once the government has completed its review of an imaged copy for items that fall within the scope of its search warrant, the government may not return to the imaged copy to conduct further searches of non-responsive items and use those items in a criminal investigation. In sum, Ganias prohibits a further search of non-responsive retained material. However, Ganias does not implement an absolute ban on the mere retention of an imaged copy. On the contrary, Ganias notes that there can be an "independent basis" for such retention and allows for the possibility that it may be "necessary to maintain a complete copy of the hard drive solely to authenticate evidence responsive to the original warrant." Ganias, 755 F.3d at 138-39. It simply states its core concern that the non-responsive retained material should not be used "for any other purpose," such as for the basis of a second warrant. Id. at 138-39. Indeed, courts in the Second Circuit have interpreted Ganias to permit retention of imaged copies for purposes of authentication and evidence preservation, while prohibiting further use of those imaged copies. See In the Matter of a Warrant, 33 F. Supp. 3d 386, 399 (S.D.N.Y. 2014) (recognizing that "it may be necessary for the Government to maintain a complete copy of the electronic information to authenticate evidence responsive to the warrant for purposes of trial"). Recently, in United States v. Kenner, 13 CR 607, Docket Entry 329 (EDNY, Aug. 28, 2015), in ruling on a suppression motion, Judge Bianco concluded that concerns about authentication merited the government's retention of both a laptop and an imaged copy of that laptop.

   Of course, the government will seek to enter into a stipulation with all trial defendants as to the authenticity and admissibility of the exhibits identified as documents derived from the OmniView computers and servers that it intends to introduce as evidence at trial. It is important to note, however, that although such a stipulation may alleviate the need to retain a complete imaged copy with respect to the government's case-in-chief, such a stipulation may not be binding on any defendant in the event of a mistrial, retrial, retention of new counsel,

or during appellate and collateral review. The government seeks to respect Discala's right against unreasonable searches and seizures while also preserving the integrity of electronic evidence and ensuring the government's ability to prosecute its case in this trial and in later proceedings. To that end, the government acknowledges that it may not -- and will not -- review or use non-responsive material from the imaged copy in its criminal investigation but requests permission to retain the complete imaged copies in its custody for purposes of evidence preservation and authentication.

          Respectfully submitted,

          ROBERT L. CAPERS
          United States Attorney

By:    /s/
          Shannon C. Jones
          Assistant U.S. Attorney
          (718) 254-6379

cc:    Clerk of the Court (by ECF)
      Charles Ross, Esq.