# EXHIBIT A

Law Office of
# DAVID GOUREVITCH, P.C.

950 THIRD AVENUE  (212) 355-1300 PHONE
32nd FLOOR  (646) 365-8818 FAX
NEW YORK, NY 10022  DAVID@GOUREVITCHLAW.COM

September 16, 2014

**By Email**

Winston Paes, Esq.
Assistant United States Attorney
Eastern District of New York
220 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *United States v. Abraxas J. Discala, et al.*
          Docket No.: 1:14-cr-00399 (ENV)
          **Demand for Particulars**

Dear Mr. Paes:

     This firm represents Ira Shapiro, a defendant in the above-entitled matter. On behalf of our client, and pursuant to Rules 7 (c) and (f), F.R.Cr.P., and Fifth and Sixth Amendments to the United States Constitution we formally demand of the government a bill of particulars.

     As to each of the following requests for particulars, please state in writing, with reference to the paragraph numbering in this letter the request to which the government is responding and to which the government declines to respond. For each request to which the government declines to respond, please state why the government refuses or is unable to respond. As to any request to which the government intends to respond at a future date, please state when the government intends to respond or comply.

     Please provide the following particulars without which Mr. Shapiro cannot defend against the charges in the indictment:

     1. State whether there is any person not identified by name in the indictment for whose acts Shapiro is alleged to be responsible under a conspiracy theory (including a *Pinkerton* theory) or an aiding and abetting, agency, or other type of accessorial or vicarious liability theory; identify by name every such unindicted coconspirator, accomplice or agent; and for each such person specify:

          a.    The act or acts that person committed for which Shapiro is alleged to be responsible; and

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 2 of 10

        b.      the theory of liability under which Shapiro is alleged to be responsible for that person's conduct.

**Indictment ¶2**

2. Identify to whom and when OmniView made the marketing representations alleged in paragraph 2.

**Indictment ¶5**

3. Identify by name and address "IA Firm 1," "BD Firm 1" and "BD Firm 2."

**Indictment ¶6**

4. Identify by name and address "BD Firm 3" and "BD Firm 4."

**Indictment ¶9**

5. Specify whether the government will claim at trial that CodeSmart did not conduct its business in accordance with the business plan alleged in ¶ 9 and, if so, in what way CodeSmart deviated from its business plan.

**Indictment ¶10**

6. Specify whether the government will claim at trial that Cubed, Inc. did not conduct its business in accordance with the business plan alleged in ¶10 and, if so, in what way Cubed, Inc., deviated from its business plan.

**Indictment ¶11**

7. Specify whether the government will claim at trial that StarStream Entertainment, Inc. did not conduct its business in accordance with the business plan alleged in ¶11 and, if so, in what way StarStream deviated from its business plan.

**Indictment ¶12**

8. Specify whether the government will claim at trial that The Staffing Group, Ltd. did not conduct its business in accordance with the business plan alleged in ¶12 and, if so, in what way the Staffing Group deviated from its business plan.

**Indictment ¶13**

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 3 of 10

    9. Identify all "others" known to the grand jury together and with whom Shapiro allegedly agreed to defraud investors and potential investors as alleged in ¶13.

    10. Identify by date and subject line any "false and misleading press releases" which are not identified in the indictment and which the government intends to prove at trial, and for each such press release identify or describe the alleged falsity.

    11. Identify by date and filing any "false and misleading SEC filings" which are not identified in the indictment and which the government intends to prove at trial, and for each such filing identify or describe the alleged falsity.

    12. Identify by date, individual and security the instances when such individual concealed "the defendants' and their co-conspirators' ownership interest" in a particular security which the government intends to prove at trial and which are not otherwise identified in the indictment

    13. Identify each instance in which the defendants or their alleged coconspirators "engineer[ed] price movements and trading volume" in securities that the government intends to prove at trial.

    14. Identify with specificity each "unauthorized purchase[] of stock" in the account of an "unwitting investor[]" which the government intends to establish at trial.

    15. Specify whether the government will claim at trial that Shapiro agreed to defraud investors and potential investors of Cubed, StarStream or Staffing Group, as alleged in ¶13.

**Indictment ¶14**

    16. Identify by date and filing the specific SEC filings related to First Independence and which projected an "extremely pessimistic outlook" as alleged in ¶14.

    17. Identify by name and address the 24 shareholders to whom First Independent sold its entire lot of unrestricted shares.

    18. Identify by name and address First Independence's transfer agent.

    19. Specify whether the government will claim at trial that the reverse merger between First Independence and CodeSmart violated the federal securities laws and, if so, specify the provisions of the securities laws that reverse merger violated.

**Indictment ¶15**

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 4 of 10

    20. Identify by name and address "Attorney 1."

    21. Specify whether the government will claim at trial that "Attorney 1's" alleged "association" with Discala was unlawful or part of an unlawful scheme.

    22. Identify the co-conspirators with whom the defendants are alleged to have concealed their ownership interest in the 3 million unrestricted shares of ITEN as alleged in ¶15.

    23. Identify by name, address and number of shares owned the "true owners" of the 3 million shares of ITEN and the owners of the "nominee account" as alleged in ¶15.

    24. Identify the co-conspirators who allegedly controlled the 6 million shares of ITEN alleged in ¶15.

**Indictment ¶16**

    25. Identify by name and address the "CodeSmart Co-Conspirators" not otherwise identified in the indictment.

**Indictment ¶20**

    26. Identify by name and address the "others" known to the grand jury with whom the defendants "coordinated their trading activity" as alleged in ¶20.

    27. Identify by date and subject lines the press releases that contained "false and misleading information," and for each such release specify each "false and misleading" statement contained therein.

    28. Specify whether the government will claim at trial that the practice of issuing press releases at "an accelerated rate in an effort to generate market interest in the stock" violates the federal securities laws and, if so, specify the securities law provision such conduct violated.

**Indictment ¶21**

    29. Identify the "other providers" through which Binghamton University offered ICD-10 education courses.

**Indictment ¶22**

    30. Identify by name and address all "others" known to the grand jury who "filed and caused to be filed" SEC forms containing material misrepresentations and omissions as alleged in ¶22.

## David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 5 of 10

31. In addition to the example alleged in the indictment, identify any other "SEC forms" the government will claim at trial "contained material misrepresentations and omissions" as alleged in ¶22.

### Indictment ¶23

32. Identify by name and address all "others" known to the grand jury who "filed and caused to be filed" SEC forms that contained material misrepresentations and omissions as alleged in ¶22.

33. In addition to the example alleged in the indictment, identify any other "SEC forms" that the government will claim at trial "contained material misrepresentations and omissions" as alleged in ¶23.

### Indictment ¶24

34. Identify by name and address all "others" known to the grand jury who profited from selling CodeSmart stock "issued to them at pennies" as alleged in ¶24.

35. Identify by name and address the "others" known to the grand jury who sold CodeSmart shares without their clients' and customers' knowledge as alleged in ¶24.

36. Identify by name and address the clients and customers known to the grand jury from whom CodeSmart shares were purchased without their consent as alleged in ¶24.

37. Identify the federal law which prohibited Discala and his alleged coconspirators from profiting by selling CodeSmart shares that had been "issued to them at pennies" as alleged in ¶24.

38. Identify the "required disclosure documents" that Bell and Josephberg were allegedly required but failed to provide to their customers as alleged in ¶24.

### Indictment ¶25

39. Identify by name and address all "others" known to the grand jury with whom Bell purchased CodeSmart stock in IA Firm 1's clients' accounts as alleged in ¶25.

40. Identify the federal law which allegedly prohibited Bell from purchasing CodeSmart stock for his clients' accounts at the same time he was selling shares of CodeSmart in his personal trading account as alleged in ¶25.

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 6 of 10

### Indictment ¶26

41. Identify by name and address all "others" known to the grand jury with whom Josephberg purchased CodeSmart stock in BD Firm 3's customer accounts.

42. Identify the federal law which prohibited Josephberg from purchasing CodeSmart stock in BD Firm 3's customer account at the same time he was selling shares in Garper's brokerage accounts as alleged in ¶26.

### Indictment ¶¶29-40

43. State whether the government will claim at trial that Shapiro was culpably involved in or aware of "The Cubed Manipulation Scheme" described in ¶¶29-40.

### Indictment ¶¶41-48

44. State whether the government will claim at trial that Shapiro was culpably involved in or aware of "The StarStream Manipulation" or "The Staffing Group Manipulation" described in ¶¶41-48.

### Count One

45. Identify which acts committed in the course and furtherance of Count One were performed or committed within the Eastern District of New York as alleged in ¶¶50 and 51.

46. Identify all uncharged overt acts known to the grand jury on which the government intends to rely at trial.

### Paragraph ¶50

47. Identify by name and address the "others" known to the grand jury.

48. As to the indictment's contention that Shapiro conspired to make untrue statements of material facts, set forth:

    a.    the substance of each such statement the Government will claim each defendant made, or that others made in furtherance of the conspiracy, and to the extent any such statement was made in writing, attach a copy;

    b.    when, where, by whom and to whom each such statement was made; and

    c.    as to each such statement, what the government will claim the true facts

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 7 of 10

      were.

    49. As to the government's contention that Shapiro conspired to omit facts, specify the omitted facts for which the government will argue at trial that Shapiro is criminally responsible.

    50. Specify what acts, if any, Shapiro conspired to engage in with regard to the Manipulated Public Companies other than CodeSmart.

**Paragraph ¶51**

    51. Identify by name and address the "others" known to the grand jury referred to in ¶51.

    52. Identify by name and address "John Doe 3" and the "two Shapiro colleagues" referred to in ¶51(a).

    53. Identify by name and address "Victim 1" as alleged in ¶51(c).

    54. Specify whether any part of over acts (a), (b), (c) or (d) occurred or was committed in the Eastern District of New York and, if so, which part of each overt act was committed in the EDNY.

**Count Two**

    55. Identify which acts committed in the course and furtherance of Count Two where performed or committed within the Eastern District of New York as alleged in ¶53.

**Paragraph ¶53**

    56. Identify by name and address the "others" known to the grand jury and referred to in ¶53.

    57. Identify the specific use of FedEx on which the government relied before the grand jury in attempting to establish a conspiracy to commit mail fraud as alleged in ¶53(a).

    58. Identify the specific use or uses of the wires that the government relied on before the grand jury in demonstrating a conspiracy to commit wire fraud as alleged in ¶53(b).

**Count Three**

    59. Identify which acts committed in the course and furtherance of Count Three were performed or committed within the Eastern District of New York as alleged in ¶55.

# David Gourevitch, P.C.

Winston Paes, Esq.
Assistant United States Attorney
September 16, 2014
Page 8 of 10

**Paragraph ¶55**

60. Identify by name and address the "others" known to the grand jury referred to in ¶55.

61. As to the allegation that Shapiro violated 15 U.S.C. §78j(b) by making untrue statements of material facts, set forth:

    a.    the substance of each such untrue statement the Government will claim each defendant made, or that others made in furtherance of the conspiracy, and if made in writing, attach a copy;

    b.    when, where, by whom and to whom each such statement was made; and

    c.    as to each such statement, what the government will claim the true facts were or are.

62. As to the allegation that Shapiro omitted to state facts or aided and abetted others in omitting to state facts, specify the facts omitted.

Please respond within 21 days of the date of this letter, unless the government is unable to comply within that time and identifies a specific later date by which it will comply.

                                              Very truly yours,

                                              David U. Gourevitch
                                              Attorney for Defendant Shapiro


                                              Newman & Greenberg LLP
                                              Steven Y. Yurowitz

                                              *Of Counsel*

Cc: *(All counsel of record via Email)*

# NEWMAN & GREENBERG LLP
## ATTORNEYS

950 THIRD AVENUE
NEW YORK, N.Y. 10022
TEL: (212) 308-7900
FAX: (212) 826-3273
info@newmangreenberg.com

RICHARD A. GREENBERG
STEVEN Y. YUROWITZ
———
WILLIAM J. DOBIE

GUSTAVE H. NEWMAN (RET.)

July 19, 2016

**By Email and U.S. Postal Service**
Shannon C. Jones, Esq.
Assistant United States Attorney
Eastern District of New York
220 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Abraxas J. Discala, et al.*
      Docket No. 1:14-cr-00399 (S-1) (ENV)
      **(Demand for Particulars and Related Discovery re: S-1)**

Dear Ms. Jones:

This firm together with David Gourevtich, Esq., represents Ira Shapiro, a defendant in the above-entitled matter. On behalf of our client, and pursuant to Rules 7 (c) and (f), F.R.Cr.P., and the Fifth and Sixth Amendments to the United States Constitution, we formally demand of the government a bill of particulars, and the government's identification of documents related to the demands.

**A. The Original Indictment and Demand for Particulars.** By letter dated September 16, 2014, counsel for Mr. Shapiro demanded a bill of particulars clarifying the original indictment. By letter dated September 25, 2014, the government declined to provide Mr. Shapiro with any particulars, offering the explanation that the answers to "many of [Mr. Shapiro's] questions" could be found in the voluminous discovery provided at the time, and that a bill of particulars was therefore inappropriate in this case. At the proceedings held on November 20, 2015, however, the Court made clear on the record that a government response to Mr. Shapiro's demand for particulars to the effect that "it's in the documents . . . is not going to cut it." Transcript of Proceedings (Nov. 20, 2015) at 27.

Since Mr. Shapiro's first demand for particulars, the grand jury has returned a superseding indictment charging additional defendants and making additional allegations.

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 2

Moreover, the government has produced more than a terabyte of discovery beyond the already voluminous discovery produced following the original indictment.

The new indictment and discovery, coupled with the Court's direction to the government to be more forthcoming, compels this new demand for particulars and relevant, necessary discovery. Consistent with the Court's admonition to the government, counsel has limited these new demands to particulars that counsel deems in good faith to be absolutely critical to the preparation of Mr. Shapiro's defense, and more generally to counsel's ability to provide constitutionally effective representation to Mr. Shapiro.

**B. The New Demand for Particulars.** As to each of the following demands for particulars, please state in writing, with reference to the paragraph numbering in this letter, the request to which the government is responding or declines to respond. For each request to which the government declines to respond, please state the reason why the government declines or is unable to respond. As to any request to which the government intends to respond in the future, please state when the government intends to respond or comply.

**Superseding Indictment ("S-1") ¶9**

1. Specify whether the government will claim at trial that CodeSmart did not conduct its business in accordance with the "business plan" alleged in ¶9 and, if so, in what ways CodeSmart deviated from the identified business plan.

**S-1 ¶18**

2. Identify each indicted codefendant and any "others" known to the grand jury with whom the government will contend at trial Mr. Shapiro agreed to defraud investors and potential investors, as alleged in ¶18.

3. Identify by date and subject line any "false and misleading press releases" not identified in the superseding indictment upon which the government intends to rely at Mr. Shapiro's trial, and for each such "false and misleading" press release, identify or describe the alleged falsity. Please identify by Bates number the relevant press releases sought by this demand so that counsel can find the relevant press releases among otherwise overwhelmingly voluminous discovery.

4. Identify by date and filing any "false and misleading SEC filings" not identified in the indictment and which the government intends to rely on at Mr. Shapiro's trial and, for each such filing, identify or describe the alleged falsity. Finally, identify by Bates number the relevant SEC filings in the otherwise overwhelmingly voluminous discovery.

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 3

    5. Unless otherwise identified in the superseding indictment, identify by date, individual and security the instances when such individual concealed "the defendants' and their co-conspirators'" ownership interest in a security which the government intends to prove at trial.

    6. Identify each instance the government claimed before the grand jury and intends to prove at trial in which the defendants or their alleged coconspirators "engineer[ed] price movements and trading volume" in securities, and identify by Bates number the documents relevant to such trading and provided in discovery.

    7. Identify each "unauthorized purchase[] of stock" in the account of an "unwitting investor[]" which the government identified before the grand jury or intends to prove at trial, and identify by Bates number the documents relating to each occurrence of such unauthorized trading.

    8. Specify whether the government will claim at trial that Mr. Shapiro agreed to defraud investors and potential investors in Cubed, StarStream or Staffing Group, as alleged in S-1 ¶18.

**S-1 ¶19**

    9. Identify by date, filing and Bates number the SEC filings related to First Independence which projected an "extremely pessimistic outlook," as alleged in ¶19.

**S-1 ¶20**

    10. Specify whether the government will claim at trial that the "reverse merger" between First Independence and CodeSmart itself violated the federal securities laws and, if so, specify the provisions of the securities laws the government contends were violated by the reverse merger.

**S-1 ¶22**

    11. Identify the alleged "CodeSmart Co-Conspirators" not otherwise identified in the indictment.

**S-1 ¶24**

    12. Identify the alleged "CodeSmart Co-Conspirators" known to the grand jury and with whom the defendants "coordinated their trading activity," as alleged in ¶24.

    13. Identify by Bates number the press releases that contained "false and misleading information"; for each such release, identify each "false and misleading" statement contained therein.

    14. Define the meaning of the term "accelerated rate" as applied to the press releases alleged in ¶24, and specify the provisions of the securities laws the government claims were

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 4

violated by the issuance of press releases at "an accelerated rate in an effort to generate market interest in the stock," as alleged in ¶24.

15. Identify the "other providers" through which or through whom "Binghamton University" offered ICD-10 education courses.

### S-1 ¶25

16. Identify all "CodeSmart Co-Conspirators" known to the grand jury who "filed and caused to be filed" SEC forms containing material misrepresentations and omissions, as alleged in ¶25.

17. In addition to the example alleged in the indictment, identify any other "SEC forms" the government will claim at trial "contained material misrepresentations and omissions," as alleged in ¶25, and identify by Bates number the relevant SEC forms.

### S-1 ¶26

18. Identify all "CodeSmart Co-Conspirators" known to the grand jury who "filed and caused to be filed" SEC forms that contained material misrepresentations and omissions, as alleged in ¶26.

19. In addition to the example alleged in the indictment, identify any other "SEC forms" the government will claim at trial "contained material misrepresentations and omissions," as alleged in ¶26, and identify each such document by Bates number.

### S-1 ¶27

20. Identify the "CodeSmart Co-Conspirators" who "fraudulently engineered price movements and trading volume" during the "second pump and dump," and identify the "other co-conspirators and individuals affiliated with the co-conspirators," as alleged in ¶27 of the superseding indictment.

### S-1 ¶28

21. Identify all "CodeSmart Co-Conspirators" known to the grand jury who profited from selling CodeSmart stock "issued to them at pennies," as alleged in ¶28.

22. Identify the clients and customers known to the grand jury to whose accounts CodeSmart shares were sold without the knowledge and consent of the clients and customers, as alleged in ¶28.

23. Identify the federal law, regulation or rule prohibiting codefendant Discala and his alleged coconspirators from profiting by selling CodeSmart shares "issued to them at pennies," as alleged in ¶28.

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 5

24. Identify the "required disclosures" that Josephberg and Co-Conspirator 1 allegedly failed to provide to their customers and clients, as alleged in ¶28.

**S-1 ¶29**

25. Identify the "others" known to the grand jury who purchased CodeSmart stock with Josephberg in Halcyon customers' accounts, as alleged in ¶29.

26. Identify the federal law, regulation or rule which allegedly prohibited Josephberg from purchasing CodeSmart stock for his customers' accounts at the same time that he was selling shares of CodeSmart in Garper brokerage accounts and Michael Morris was selling shares of CodeSmart in his son's brokerage accounts, as alleged in ¶29.

**S-1 ¶31**

27. Identify "Co-Conspirator 1's clients" known to the grand jury who complained about losses they suffered as the price of CodeSmart shares dropped, as alleged in ¶31.

28. Identify all "others" known to the grand jury who devised a plan to provide the complainants with additional shares of CodeSmart stock at a price below the publicly traded market price, as alleged in ¶31.

**Count One**

29. Identify the basis for venue in the Eastern District of New York for Count One.

30. Identify all uncharged overt acts known to the grand jury on which the government intends to rely at trial.

31. Identify the "others" known to the grand jury, referred to in ¶52.

32. In regard to the allegation in ¶52 that Shapiro conspired to make untrue statements of material facts, set forth:

> a. the substance of each such untrue statement the government will claim Shapiro made or for which the government will ask the jury to hold him accountable, and attach a copy of each such false statement made in writing;
>
> b. when, where, by whom and to whom each such untrue statement was made;
> c. as to each such untrue statement, set forth the facts the government will claim
>
> were the true facts.

33. As to the grand jury's contention that Shapiro conspired to omit facts, specify the facts Shapiro omitted or conspired to omit.

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 6

    34. Identify which acts, if any, Shapiro conspired to engage in with regard to any "Manipulated Public Companies" besides CodeSmart.

    35. Identify the "others" known to the grand jury and referred to in ¶53.

    36. Identify the name and address of "Victim 1," referred to ¶53(b).

**Count Two**

    37. Identify the basis for venue in the Eastern District of New York for Count Two.

    38. Identify the "others" known to the grand jury and referred to in ¶53.

    39. Identify the instances of the use of FedEx on which the government relied before the grand jury in attempting to establish a conspiracy to commit mail fraud, as alleged in ¶53(a), and identify the documents by Bates number, if the government possesses such a document, reflecting such use of FedEx.

    40. Identify the instances of the use of the wires the government relied on before the grand jury in attempting to prove a conspiracy to commit wire fraud, as alleged in ¶53(b), and identify by Bates number any document in the government's possession reflecting such use of the wires.

**Count Three**

    41. Identify the basis for venue in the Eastern District of New York for Count Three.

    42. Identify the "others" known to the grand jury and referred to in ¶55.

    43. In regard to the allegation that Mr. Shapiro violated 15 U.S.C. §78j(b) by making untrue statements of material facts, set forth:

        a. the substance of each such untrue statement the government will claim at trial that Mr. Shapiro made or for which he is responsible, and if made in writing, identify all such documents by Bates number;

        b. when, where, by whom and to whom each such untrue statement was made and

        c. as to each such untrue statement, the facts the government claims would have made the states true.

NEWMAN & GREENBERG LLP

AUSA Shannon C. Jones
July 19, 2016
Page 7

    44. As to the allegation that Mr. Shapiro omitted to state facts, or aided and abetted others in omitting to state facts, set forth the facts the government contends were omitted.

    Please respond within 21 days of the date of this letter.

Very truly yours,

Richard A. Greenberg
Steven Y. Yurowitz
Newman & Greenberg LLP

By /s/ Richard A. Greenberg

David U. Gourevitch
Law Office of David U. Gourevitch, P.C.

By /s/ David U. Gourevitch by RAG

cc:   All Defense Counsel (via email)