| | |
|---|---|
| **THOMAS V. SJOBLOM**<br>*Attorney At Law* | International Square<br>Suite 500<br>1875 I Street, N.W.<br>Washington D.C. 20006<br>(202) 429-7125<br>Email:  tvsjoblom@tvs-law.com<br>**www.tvs-law.com** |

Your Honor:

      We represent defendant Abraxas Discala in this matter. At oral argument on January 10, 2018,  the government yet again presented new arguments in an attempt to salvage Agent Braconi's fatally flawed Wiretap Affidavit, including the government's newest concession that the Affidavit Bluesheet Data is different than the Post-Affidavit Bluesheet Data. This concession comes after having repeatedly represented that both sets of bluesheet data were the same. See ECF 398 at 1; ECF 420 at 3; ECF 429 at 2.  In addition, the government also acknowledged that the Affidavit Bluesheet Data shows a significant loss for Mr. Discala. *See* Gov't Letter ECF 429 at 2, fn.1.

      At oral argument on January 10, 2018, the government emphasized Braconi swore that "Discala, *as well as certain individuals associated with him,*" profited from CodeSmart trading. Wiretap Aff. ¶20. Taking the government's representation that the December 8, 2017 disc was never altered or otherwise modified, we asked part of our team to perform additional calculations based on that disc and the government's recent concession as to Discala incurring a substantial loss.  Yesterday, we examined the Affidavit Bluesheet Data to determine whether Mr. Discala's trading combined with that of his co-conspirators in fact reflected a net profit, as was claimed by the government. What we discovered is that the Affidavit Bluesheet Data reflects a net loss of $2.12 million among Discala and his alleged co-conspirators. *See* DeBarr Decl. ¶ 7, attached as Exhibit A; Affidaivit Bluesheet Data attached as Exhibit B.  This number is significant in light of the government's claim that the Affidavit Bluesheet Data shows Discala and his alleged co-conspirators profited.

      In addition, despite my explanation of improper "rounding" of numbers for the June 14, 2013 to July 12, 2013 timeframe, the government continued to insist at the hearing that "Discala's accounts had net sales of well over 100,000 shares for proceeds of over $700,000." ECF 420 at 4 and ECF 429 at 2. Even using the government's post facto narrowing of the Affidavit Bluesheet Data by focusing solely on the June 14, 2013 to July 12, 2013 timeframe, the information possessed by Agent Braconi actually showed Discala incurring a **net loss** of over $675,000. See Ex. A ¶ 6. Yet again, the government

misrepresented the Affidavit Bluesheet Data, this time missing the mark by nearly $1.4 million.[1]

We contend that the Affidavit Bluesheet Data cannot support Agent Braconi's Affidavit. Furthermore, unless the data was somehow modified or certain trades were omitted, it cannot support the calculations put forth by the government. The issue now before the Court is not whether some other disc will be used at trial, but whether the Affidavit Bluesheet Data on the December 8, 2017 disc invalidates Agent Braconi's Affidavit claims.

It is therefore respectfully submitted that, despite the government's attempts to salvage Agent Braconi's false statements, suppression is required, and at the very least a *Franks* hearing is warranted.

We thank the Court for its continued consideration of this important issue.

Sincerely,

/s/ Thomas Sjoblom         /s/ Charles A. Ross         /s/ Andrew Bowman
Thomas Sjoblom              Charles A. Ross              Andrew Bowman

cc: All Parties (By ECF)

---

[1] The government previously claimed Mr. Discala lost $328,000. *See* ECF 429 at 2, fn.1. However, the Affidavit Bluesheet Data showed Mr. Discala lost more than $4.5 million. *See* ECF 425 at 1.