UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,         :

    -V-                                     :       S-1 14 CR. 399 (ENV)

ABRAXIS DISCALA,  ET AL.,           :

            Defendants.    :

------------------------------------------------------------X


### DEFENDANT KYLEEN CANE'S
### FOURTH *IN LIMINE* MOTION


**SERCARZ & RIOPELLE, LLP**
**810 Seventh Avenue, Suite 620**
**New York, NY  10019**
**(212) 586-4900**

*Attorneys for Defendant*
*Kyleen Cane*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ..................................................................................... 2

   A. Silberstein's Testimony ................................................................................... 2

   B. The SEC Proceedings ..................................................................................... 3

POINT I

   SILBERSTEIN'S SETTLEMENT WITH THE SEC IS IRRELEVANT
   TO HIS CREDIBILITY AND CROSS EXAMINATION CONCERNING
   IT AND THE UNDERLYING TRANSACTIONS SHOULD BE
   PRECLUDED............................................................................................................ 4

CONCLUSION ............................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Platinum and Palladium Commodities Litigation*,
   828 F.Supp.2d 588 (S.D.N.Y. 2011) .................................................................................. 5

*United States v. Gilbert*, 668 F.2d 94 (2d Cir. 1981) .................................................... 5

**Rules**

Federal Rule of Evidence 403 ................................................................................. 7

Federal Rule of Evidence 408(a)(1) ......................................................................... 4

Federal Rule of Evidence 408(a)(2) ......................................................................... 4

## **PRELIMINARY STATEMENT**

Defendant Kyleen Cane ("Cane") respectfully submits this Memorandum of Law in support of her Fourth Motion *In Limine*. Cane moves to preclude cross-examination of Defense Witness Ronald Silberstein ("Silberstein") concerning an Administrative Order issued by the Securities and Exchange Commission (the "SEC" and the "SEC Order") in connection with certain administrative proceedings the SEC brought against Silberstein and his firm Silberstein Ungar, PLLC ("Silberstein Ungar"). Cane also moves to preclude any cross-examination concerning the underlying conduct at issue in the SEC proceedings.

The SEC Order resulted from of an Offer of Settlement that Silberstein and Silberstein Ungar submitted to the SEC as part of a negotiated resolution of the SEC's administrative action against Silberstein and Silberstein Ungar.[1] The SEC issued the SEC Order "solely for the purpose of the[] [SEC] proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party," and without any admission or denial by Silberstein and Silberstein Ungar of the substantive findings in the Order. *See* Exhibit A, page 1. The transactions that the SEC charged in the proceedings are unrelated to the transactions at issue in this case. The transactions that the SEC charged against Silberstein do not reflect a fraudulent intent or dishonesty that would impeach his

---

[1] A copy of the SEC's Order, issued June 6, 2016, is attached to this Memorandum of Law as Exhibit A.

1

credibility as a witness, because the SEC Order charges that Silberstein failed to properly supervise the auditing work of others. Therefore, and for all the reasons stated herein, Cane respectfully requests that the Court grant her Fourth Motion *In Limine*, and preclude the government from cross-examining Silberstein about the SEC Order and the underlying transactions described in the SEC Order.

## FACTUAL BACKGROUND

### A. Silberstein's Testimony

Silberstein and his firm worked as accountants in connection with the Cubed transaction prior to the point at which the government arrested Cane and the SEC suspended trading in Cubed. If called as a witness, Silberstein will testify that he and his firm worked with Cane on a variety of matters prior to their involvement with Cubed. Silberstein will testify that the "going concern" qualification in Cubed's financial statements was appropriate, and that Cubed was a cash poor company that was in need of ongoing financing to survive. Silberstein will also testify that Cubed's financial difficulties were normal for a small, start-up company seeking financing through a "going public" transaction.

Silberstein will also testify that his interactions with Cane in connection with the Cubed transaction were unremarkable, and that he worked with Cane on many different transactions during the 10-year period he knew and worked with her.

Silberstein will testify that, in his opinion, based on his experience of Cane, she is honest and trustworthy, and he believes that Cane had a good reputation in the business community.

### B. The SEC Proceedings

In 2012, the SEC commenced an inquiry into the work Silberstein and Silberstein Ungar did in connection with at least nine different transactions, in Administrative Proceeding No. 3-17277 (the "Administrative Proceeding"). Cane's law firm, Cane Clark, LLP worked on only a few of the transactions that the SEC investigated in the Administrative Proceeding, and Cubed was not among those transactions. Cane and Cane Clark were not targets of the Administrative Proceedings and were never parties to the Administrative Proceedings.

After defending the Administrative Proceedings vigorously for four years, on June 6, 2016, approximately two years after Cane's arrest, Silberstein and Silberstein Ungar settled the Administrative Proceedings

> Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over them and the subject matter of these proceedings … Respondents consent to the entry of this Order …. [which barred Silberstein from practice before the SEC and required him to pay a financial penalty of $35,000.]

3

See Exhibit A, p. 1, 22-23. Silberstein has paid the financial penalty required by the Administrative Order, and has abided fully by its prohibition against further practice before the SEC.

## ARGUMENT

### POINT I

### SILBERSTEIN'S SETTLEMENT WITH THE SEC IS IRRELEVANT TO HIS CREDIBILITY AND CROSS EXAMINATION CONCERNING IT AND THE UNDERLYING TRANSACTIONS SHOULD BE PRECLUDED

The Rules of Evidence generally prohibit the use of an Offer of Compromise to impeach the credibility of a witness. *See* Federal Rule of Evidence 408(a)(1). Moreover, even though the Rules of Evidence permit a party to offer "conduct or a statement made during compromise negotiations … when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative or enforcement authority," Federal Rule of Evidence 408(a)(2), the Advisory Committee notes to Rule 408 explicitly state that

> The amendment [permitting the use of compromise negotiations in criminal cases] prohibits the use of statements made in settlement negotiations when offered to impeach by prior inconsistent statement or through contradiction. Such broad impeachment would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements. *See McCormick*

4

>  *on Evidence* at 186 (5th Ed. 1999) ("Use of statements made in compromise negotiations to impeach the testimony of a party, which is not specifically treated in Rule 408, is fraught with danger of misuse of the statements to prove liability, threatens the frank interchange of information during negotiations, and generally should not be permitted."). *See also EEOC v. Gear Petroleum, Inc.,* 948 F.2d 1542 (letter sent as part of settlement negotiation cannot be used to impeach defense witnesses by way of contradiction or prior inconsistent statement; such broad impeachment would undermine the policy of encouraging uninhibited settlement negotiations).

Thus, the Administrative Order cannot be used to prove the truth of the factual statements contained in Exhibit A, nor can the fact of Silberstein's SEC settlement be used to impeach his credibility. *See Platinum and Palladium Commodities Litigation,* 828 F.Supp.2d 588, 594 (S.D.N.Y. 2011) (prohibiting use of CFTC Order in civil litigation because it "was the product of a settlement between the CFTC and the Respondents, not an adjudication of the underlying issues").

There are, of course, instances in which District Courts have properly admitted civil consent decrees in criminal cases. For example, in *United States v. Gilbert,* 668 F.2d 94, 97 (2d Cir. 1981), the Circuit approved of the District Court's ruling, which admitted into evidence a consent decree signed by the defendant, for the purpose of demonstrating that the defendant knew of the SEC reporting requirements described in the decree. In the present case, where Cane is not a party to the Administrative Decree; where the Administrative Order does not relate

5

to any transaction involving Cubed; where the Administrative Order was entered two years after Cane's arrest; where the Administrative Order does not amount to a full adjudication of the issues to which it relates; where the Administrative Order itself does not amount to an admission by Silberstein of wrongdoing, and is limited by its terms to SEC proceedings, the Administrative Order cannot be used to impeach the credibility of Mr. Silberstein.

Moreover, the conduct the SEC sanctioned Mr. Silberstein for in its Administrative Order consisted of his failure to properly supervise audits performed by his firm, and his failure to exercise due care as an auditor. *See Exhibit A,* p. 15-17. The Administrative Order does not allege that Silberstein's conduct was itself fraudulent, although it alleges that he willfully aided and abetted his corporate clients to file annual reports with financial statements containing false and misleading information, by failing to exercise due care. *Id.,* p. 18-19. In addition, these findings were, in any event, the result of Silberstein's agreement to accept them, without admitting or denying the conduct they describe.

In these circumstances, Cane respectfully submits that the Government should not be permitted to cross-examine Silberstein about his allegedly negligent conduct – conduct he did not admit. Silberstein's failure to properly supervise the work of others or to exercise due care in connection with a few transactions that are unrelated to Cubed does not impeach his credibility as a witness with respect to

6

the testimony he will be called to give in this case. Whether or not Silberstein acted negligently in connection with a few of the hundreds of transactions he worked on over the years does not undermine the credibility of his testimony as to the matters he observed first hand at Cubed and his opinion with respect to Cane's character, based on 10 years of experience. This is particularly so, given the fact that the findings in the Administrative Order resulted from Silberstein's agreement to bring to a close years of costly investigation by the SEC, through a negotiated disposition of the SEC's allegations.

Moreover, the Government should not be permitted to cross-examine Silberstein about these matters, because the result will be an extended and distracting mini-trial on technical issues unrelated to the factual issues the jury will be asked to decide in this case. *See* Fed. R. Evid. 403. If the government cross-examines Silberstein about the underlying events characterized in the Administrative Order, a confusing and distracting mini-trial within a trial will result. Such a cross-examination should be precluded as likely to result in jury confusion and undue delay. *Id.*

## CONCLUSION

For all the foregoing reasons, Defendant Cane respectfully requests that the Court grand her Fourth Motion *in Limine*, and enter an order precluding cross-examination of prospective witness Ronald Silberstein regarding the

7

Administrative Order and the underlying events characterized in the Administrative Order.

Dated: New York, New York
      March 28, 2018

                          Respectfully submitted,
                          SERCARZ & RIOPELLE, LLP

By: *[signature]*
                          Roland G. Riopelle, Esq.
                          Robert Caliendo, Esq.
                          810 Seventh Avenue, Suite 620
                          New York, NY 10019
                          (212) 586-4900

                          *Attorneys for Defendant*
                          *Kyleen Cane*