**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

**UNITED STATES OF AMERICA,**                    :

       **-V-**                    :    **S-1 14 CR. 399 (ENV)**

**ABRAXIS DISCALA,  ET AL.,**                    :

            **Defendants.**              :

--------------------------------------------------------X

## DEFENDANT KYLEEN CANE'S
## SIXTH MOTION *IN LIMINE*

**SERCARZ & RIOPELLE, LLP**
**810 Seventh Avenue, Suite 620**
**New York, NY  10019**
**(212) 586-4900**

*Attorneys for Defendant*
*Kyleen Cane*

## PRELIMINARY STATEMENT

Defendant Kyleen Cane ("Cane") respectfully submits this Memorandum of

Law in support of her Sixth Motion *in limine*, to preclude the government from

playing certain irrelevant and prejudicial statements made by Cane's co-defendant

Abraxis Discala ("Discala") and the government's witness Matthew Bell ("Bell")

in a portion of the wiretap interception and tape recording marked Government's

Exhibit 198-10.  At the close of the proceedings today, Cane's counsel approached

the government and asked that these irrelevant and prejudicial statements be

excised from Government's Exhibit 198-10 and 198-10-T-E.  Unfortunately,

however, the government has refused to make the excision requested by Cane's

counsel, despite the fact that the portion of the conversation between Bell and

Discala at issue does is not in any way relevant to the charges in the S-1

Indictment, and is prejudicial to Cane.  Therefore, for all the reasons below, the

Court should direct the government to excise the irrelevant and prejudicial

statements made in Government's Exhibit 198-10 and 198-10-T-E.  For the

Court's reference and ease, a copy of Government Exhibit 198-10-T-E is attached,

with the section Cane's counsel proposes to excise marked for the Court's

reference.

1

## ARGUMENT

## POINT I

### THE COURT SHOULD DIRECT THAT GOVERNMENT'S EXHIBITS 198-10 AND 198-10-T-E <u>BE EXCISED</u>

As the Court can see from Exhibit A, the government proposes to play a snippet from the tape recording marked GX 198-10. In this snippet of conversation, Discala and Bell discuss the need to "get some news out on the Cube," agree that the "Cube app looks good," and discuss with each other their need for cash. As Bell puts it "Hopefully, we'll get the cash here pretty soon. I need a little bridge cash, that's for sure." *See* Exhibit A.

Bell and Discala then go on to complain about the legal fees being charged to them by their respective lawyers, with Bell observing that "My lawyer read an email, it costs me 500 bucks" and Discala agreeing "I'm in the same boat. It's like crazy, ..." *Id.*

As the Court is well aware, Cane represented Cubed. Cane did not represent Bell, and she did not represent Discala. While Bell's and Discala's need for cash may be relevant to the charges in the S-1 Indictment as proof of motive, their carping about legal fees charged to them by lawyers other than Cane is clearly irrelevant to the charges in this case. Their complaints that lawyers other than

2

Cane charge exorbitant and unnecessary fees are likely to confuse the jury, which

may confuse the reference to excessive fees as a reference to the only lawyer who

is a defendant in this case – Ms. Cane.  And the complaints about excessive fees

may well inspire a sense of revulsion in the jury box, at the notion of attorneys

gouging their clients by charging excessive fees.  Given the utterly irrelevant

nature of these remarks, and the likelihood of jury confusion and unfair prejudice,

the Court should direct the government to excise this portion of Discala's and

Bell's remarks from GX 198-10 and 19810-T-E.  *See* Fed. R. Evid. 403.

Finally, as the Court can see from Exhibit A, excising the offending part of

the recording and transcript will be simple to accomplish, because the offending

remarks appear in the last five lines of the recording and transcript.  All the

government needs to do to accomplish the proper excision is to edit the recording

and transcript by deleting the offending remarks.  Doing so will not interrupt the

flow of the conversation before the offending remarks, and doing so will not dilute

or detract from the relevance of the previous statements made by Discala and Bell.

The relative ease of excising the remarks designated by Cane also weighs in favor

of granting her Sixth Motion *in Limine*.

## CONCLUSION

For all the foregoing reasons, Defendant Cane respectfully requests that the

Court grand her Sixth Motion *in Limine*, and enter an order directing the

3

government to excise the portion of GX 198-10 and 198-10-T-E indicated in

Exhibit A.  Such an order will preclude the government from offering evidence to

the jury that may confuse it, and will certainly prejudice Cane unfairly.

Dated: New York, New York
      April 4, 2018

                                        Respectfully submitted,
                                        SERCARZ & RIOPELLE, LLP

By:    *Roland G. Riopelle*
                    Roland G. Riopelle, Esq.
                    Robert Caliendo, Esq.
                    810 Seventh Avenue, Suite 620
                    New York, NY  10019
                    (212) 586-4900

                    *Attorneys for Defendant*
                    *Kyleen Cane*