UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
UNITED STATES OF AMERICA,

    -against-

ABRAXAS J. DISCALA,
    Also known as "AJ DiScala,"
MARC WEXLER, IRA SHAPIRO,
MATTHEW BELL,
CRAIG JOSEPHBERG,
    Also known as "Jobo,"
KYLEEN CANE, DARREN GOODRICH,
DARREN OFSINK, VICTOR AZRAK, and
MICHAEL MORRIS,

                   Defendants.
----------------------------------------------------------------- x

MEMORANDUM OPINION

14-cr-399 (ENV)

VITALIANO, D.J.

    The Court granted the government's in limine motion, Dkt. No. 593, barring defendant Kyleen Cane from eliciting testimony from officials of Regenicin as to Cane's representation of the Corporation, its dissatisfaction with the capital raising scheme proposed for the Corporation by defendant DiScala and as to Cane's use of her escrow account to help them capitalize their company. In response to the Court's ruling, counsel for Cane would later offer further argument and authority. The Court treats Cane's proffer as a motion for reconsideration, and upon reconsideration, adheres to its original determination.

    Any evidence Cane would offer as to Regenicin's dissatisfaction with, or concern for, the lawfulness of DiScala's proposed capitalization plan is of little or no probative value as to any defense available to Cane. Any separate sin of DiScala provides no salvation for Cane. Plus, the prejudice to DiScala is obvious. The evidence was precluded on Rule 403 grounds.

    Any testimony by Regenicin witnesses as to why they opted for Cane's proposed capitalization plan or as to its implementation and operation, assuming any relevance, would be

1

hearsay for which there is no exception.

Finally, in an overall sense, the evidence Cane sought to offer is akin to third-party testimony for a witness who observed Willie Sutton passing by countless banks without robbing them. The only relevance of such testimony would be to establish that, because she did not manipulate securities in her escrow account in the past, like Willie Sutton, she did not do it this time either. Such evidence is not permissible. The witnesses were, however, allowed to, and did, testify as to Cane's reputation in the community at large, the business community, and the opinion they personally had of her.

For those reasons, and those stated on the record, the Court adheres to its original ruling.

Dated: Brooklyn, New York
April 26, 2018

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge