UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA                          :
                                                  :
       -against-                                 :
                                                  :       MEMORANDUM & ORDER
ABRAXAS J. DISCALA et al.,                        :
                                                  :       No. 14-cr-399 (ENV)
                  Defendants.             :
                                                  :
                                                  :
                                                  :
------------------------------------------------------- x

VITALIANO, D.J.

      By its Order of September 3, 2021, the Court directed the government and defendant Abraxas Discala to address what impact, if any, the Second Circuit's decision in the case of one of Discala's co-conspirators, *United States v. Goodrich*, 12 F.4th 219 (2d Cir. 2021), might have on the computation of Discala's restitution obligation as it relates to the conspiracy's fraudulent manipulation of a security known as Cubed.  *See* 9/3/2017 Order.  Having reviewed the submissions of the parties, the short answer is very little, if any.

      Though not novel with *Goodrich*, any government claim for restitution cannot stand with respect to transactions that were completed prior to the period that defendants began to manipulate the market price for Cubed shares.  That said, Discala's contention that, with respect to the conspiracy period, the government must offer additional proof of each investor's victimhood is a non-starter.  The evidence at trial was overwhelming as to Discala's intimate understanding and involvement in every stage of the manipulation of Cubed stock—there was no transaction in that stock in that period unaffected by the manipulation and no stage of the manipulation that was not either directly known by Discala or reasonably foreseeable by him.

The facts here are not, as Discala argues, analogous to *United States v. Archer*, 671 F.3d 149, 172 (2d Cir. 2011). *Archer* was a case where some of the "victims" were aware of the manipulation and proceeded with transactions notwithstanding. Specifically, the Second Circuit explained in *Archer* that several "victims" did in fact know that their suspect filings contained falsehoods making them unfit for restitution. 671 F.3d at 172. Here, no such evidence exists. To the contrary, "no reasonable investor would have bought shares [in Cubed] had the truth about [Cubed's stock] been revealed." *United States v. Schwamborn*, 542 F. App'x 87, 88 89 (2d Cir. 2013); *see also United States v. Marino*, 654 F.3d 310, 322.

Absent an offer of proof concretely indicating otherwise, restitution will be computed in the usual fashion upon the evidence educed at trial and the documentary evidence submitted by the government identifying victims and the amounts of their compensable losses. *See United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013).

So Ordered.

Dated:   November 10, 2021
         Brooklyn, New York

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge