```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA                              :
                                                      :
       -against-                                      :
                                                      :       MEMORANDUM & ORDER
ABRAXAS J. DISCALA et al.,                            :
                                                      :       No. 14-cr-399 (ENV)
                        Defendants.                   :
                                                      :
                                                      :
                                                      :
------------------------------------------------------- x
```

VITALIANO, D.J.

Following the imposition of sentence, the United States Probation Office released its Third Addendum to the Pre-Sentence Report ("PSR") correcting the PSR's misnumbering of the counts of conviction. Dkt. 822.  Rather than identifying the counts of conviction by the numbers used in the superseding indictment, the PSR reflected the consecutive numbering scheme that the Court and the parties agreed to use on the verdict sheet and in the final charge to the jury, *see* Dkts. 629 & 631, in order to facilitate the jury's deliberations.[1] The informal renumbering of the counts was then tracked over to the oral pronouncement of sentence.  *See* Sentencing Transcript, Dkt. 819, at 53:12–17.  In this light, the Court concludes that the error at sentencing was nothing more than a slip of the tongue, without any effect on the sentence or the consideration of sentence.  *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995).  Consistent with the positions they took at the final charge conference approving the renumbering of the counts for

---

[1] Prior to trial, the government informed the Court that it would not be pursuing a conviction under count 5 of the superseding indictment. *See* Dkt. 529. As such, rather than present the jury with a verdict sheet and final charge with a gap in the numbering of the counts, the parties agreed that counts 6 through 11 would be renumbered to appear in the charge and on the verdict sheet as counts 5 through 10. *See* Dkts. 629 & 631.

the ease of jury deliberation, and having been asked for their considered views, *see* Dkts. 830 & 843, no party opposes this result.[2]

## Background

Discala was sentenced on December 8, 2021, and in announcing its intended sentence, the Court identified the counts of conviction in line with the PSR's numbering prior to its amendment by the Third Addendum. Specifically, it stated that "it is the intended sentence of the Court to impose on count 1 a sentence of 60 months to run concurrent with all other counts and to impose on counts 2, 3, 4, 5, 6, 7, and 10, a sentence of 138 months to run concurrently to each other and to count 1." Sentencing Tr. at 53. With no legal objections to the intended sentence offered by either side, including with respect to the Court's identification of the count numbers associated with the wire fraud counts of conviction (numbered as counts 5 through 10 though set forth in the superseding indictment as counts 6 through 11), the Court adopted the intended sentence as the sentence imposed. *See id.* at 56.

## Applicable Law

Federal Rule of Criminal Procedure 36 permits a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, a district court's Rule 36 authority is not without limits: it "authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (citing *United States v. Werber,* 51 F.3d 342, 343 (2d Cir.1995)); *see also United States v. Jimenez*, No. 96 Cr. 808, 1999 WL 1125112, at *2 (S.D.N.Y. Dec. 7, 1999)

---

[2] Although neither party objected to the relief the Court suggested and now orders, Discala did correctly observe that the rectifying addendum is incomplete because it fails to match the wire fraud counts of convictions, as corrected, with the correct descriptions of each count. *See* Discala Ltr., Dkt. 830, at 1–2.

("Rule 36 covers only minor, uncontroversial errors"). Finally, while primarily a vehicle to correct errors in the written judgment, "Rule 36 also applies to a correction of the oral sentence itself, 'where the error appears clearly and unambiguously on the face of the record, and is nothing more than a slip of the tongue.'" *Jimenez*, 1999 WL 1125112, at *2 (quoting *Werber*, 51 F.3d at 347 n.13).

## Discussion

The mistake at issue here falls well within the range of minor and uncontroversial mechanical errors that can remedied within the authority of Rule 36. Indeed, correcting the sentence so that the numbering of the wire fraud counts of conviction match the numbering set forth in the superseding indictment does not "require [anything] more than substituting a right number for a wrong number." *Burd*, 86 F.3d at 288. At no point throughout Discala's sentencing hearing was there any ambiguity regarding on what counts of the superseding indictment Discala was convicted or the specific sentence imposed on each of those counts. As *Werber* holds, Rule 36 does not authorize a court to "effectuate its unexpressed intentions at the time of sentencing," 51 F.3d at 343, and no one suggests that the correction ordered here does. In short, prior to the time of sentence, the counts of conviction had been identified by two separate sets of numbers. The use of the wrong set of numbers at the time of sentencing was merely a slip of the tongue—a slip that neither led to confusion of the parties nor to a substantive impact on the sentence. The slip was minor, mechanical, and uncontroversial. It had no substantive impact on Discala's sentence. This correction of the oral pronouncement of sentence and its reflection in the judgment of conviction falls within the correction of minor errors contemplated by Rule 36. *Werber*, 51 F.3d at 347 & n.13.

Conclusion

Accordingly, in line with the government's suggestion, and without opposition from Discala, the judgment of conviction will identify the slip of the tongue in the Court's oral pronouncement of sentence by attachment of a copy of this Order, which makes clear that the sentence of 138 months has been imposed on counts 6, 7, 8, and 11 of the superseding indictment, to run concurrently to each other and to the 60-month sentence imposed on count 1 and the 138-month sentence imposed on counts 2, 3, and 4 of that indictment.

So Ordered.

Dated:   Brooklyn, New York
         March 17, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge